**CITY OF KANSAS CITY, Missouri, Plaintiff-Respondent,**

v.

**Stanley Z. KINSMAN, Defendant-Appellant.**

**No. WD 34549.**

Missouri Court of Appeals, Western District.

Dec. 20, 1983.

**912**

Stanley Z. Kinsman, pro se.

Richard N. Ward, City Atty., Kansas City, Jack H. Schrimsher, City Prosecutor, Edward B. Rucker, Asst. City Prosecutor, for plaintiff respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant Kinsman in a jury-waived de novo trial was found guilty of the offense of intentionally inflicting bodily injury under the Revised Ordinances of the City of Kansas City, Missouri, 1966, § 26.13.2.

From the evidence, the following could reasonably be found. Officer Ealy at 2:20 a.m. on March 12, 1982, approached a black pickup truck near 6th and Gladstone, looking for a burglary suspect. When he shined a light on the truck, "a head came up from the cab." As the policeman approached the appellant exited the truck and came toward him muttering derogatory comments about the police. Ealy asked for and received appellant's driver's license along with a blow to his mouth. A scuffle ensued. The appellant claimed to have been "making out with my wife in the truck." Sometime during these events Ealy saw another person leave the truck and go into a house across the street. The house across the street is where the appellant lived with his wife.

The appellant after an adverse ruling in the Municipal Division tried his case to an associate circuit judge of Jackson County on September 24, 1982. He was found guilty on that date, given a $200 fine with

chance to make payments, and ten days confinement, to be served in two-day intervals on Wednesday and Thursday (his days off from employment). On October 8th, the appellant filed a notice of appeal that was dismissed by this court on November 4th. The appeal was dismissed as the sentence and judgment by the trial court was pronounced before the time had expired for filing a new trial, and therefore was premature and void, State v. Wren, 609 S.W.2d 480, 481 (Mo.App.1980); and State v. Collins, 580 S.W.2d 320, 324 (Mo.App.1979). The cause was sent back to render judgment and sentence. The appellant did not seek a new trial, and on January 28, 1983, Judge Hughes sentenced him to thirty days.

█ As his initial point in his pro se appeal the appellant, in essence, attacks the sufficiency of the evidence and casts error on the trial court's believing Officer Ealy rather than appellant. Rule 27.01(b) provides the findings of the trial court shall have the force and effect of a jury. If there is substantial evidence to support the findings of the trial court its judgment is to be affirmed. In assessing the sufficiency of the evidence to convict, an appellate court must accept as true all evidence and inferences of guilt. State v. Giffin, 640 S.W.2d 128, 130 (Mo.1982). Viewed in a light most favorable to the prosecution the evidence here is sufficient to support a verdict of guilt. State v. Story, 646 S.W.2d 68, 72 (Mo. banc 1983). The evidence here was sufficient to prove guilt beyond a reasonable doubt that the appellant struck the officer. Determination of conflicts in testimony was for the judge here as the trier of fact. State v. Giffin, supra, at 131.

█ In his second point the appellant claims error because his attempts to introduce the police report of this incident and of his record of driving convictions, were rebuffed because of an insufficient foundation being laid for them as business records under § 490.680, RSMo 1978. He called no custodian to identify the records or testify

as to the mode of their preparation, if they were made in the regular course of business, or when they were made. In general, none of the requisites of the Business Records Act were met. Given the trial court's wide latitude in determining the sufficiency of the foundation under the statute, *State v. Zagorski,* 632 S.W.2d 475, 477 (Mo. banc 1982), no error resulted from sustaining the City's objections.

■ The appellant's point claiming error in Judge Hughes' changing the sentence from a fine of $200 and ten days to a sentence of thirty days, is well taken. The judge had looked favorably on the appellant's request to serve the ten days in two-day periods coinciding with the days off from his job. Since the sentence was imposed prior to the appellant's time for filing a new trial, and because he thereafter filed his appeal prematurely, he has been resentenced to a greater punishment. This result violates the constitutional principle laid down in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The court in *Pearce* held "the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal" would be "a violation of due process of law"—that due process requires that vindictiveness play no part in the sentence imposed after a new trial. Id. at 725, 89 S.Ct. at 2080. "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id. at 736, 89 S.Ct. at 2094.

There is nothing in the record to show the trial judge based the more severe sentence on any exception countenanced by *Pearce.*

*McCulley v. State,* 486 S.W.2d 419, 424 (Mo. 1972). In fact, there is *no* reason given for the longer sentence by the same judge. To allow the second sentence to stand, even though the first was a nullity because of the court's premature entry, would place a price on the appellant's exercise of his rights, and give rise to more than a suspicion of vindictiveness by the court. See, *State v. Brooks,* 551 S.W.2d 634, 659–60 (Mo.App.1977), *cert. denied* 434 U.S. 1017, 98 S.Ct. 736, 54 L.Ed.2d 763, where the court held the thrust of *Pearce* is to make sure vindictiveness plays no part in judicial resentencing which is not based on an articulated resentment of the judge, and that the state can't exercise "naked power" in imposing a more severe sentence, thus chilling the defendant's right to appeal.

The judgment of conviction is affirmed, but only the judgment of sentence is reversed and remanded to the trial court to impose no more than the sentence first attempted, a fine of $200 payable in four installments of $50 a month beginning at least two weeks from the mandate of this court, and ten days to be served on Wednesdays and Thursdays from 9:00 a.m. on Wednesday to 6:00 p.m. on Thursday, at the Kansas City, Missouri Correctional Institution, beginning when the court deems appropriate, but commencing no sooner than two weeks from the issuance of this mandate.

All concur.