**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Ralph B. CLARK, Defendant-Appellant.**

No. 49778.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 1986.

Ralph B. Clark, pro se.

Eric Kendall Banks, Stephen A. Moore, Asst. Circuit Attys., St. Louis, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant was convicted of driving while intoxicated under § 577.010(1), RSMo.1978, after a trial by jury. He appeals pro se, claiming: (1) the trial court erred in admitting into evidence breathalyzer test results, (2) his conviction violated the prohibition of double jeopardy in the U.S. Constitution, (3) he was denied a speedy trial, (4) a mistrial should have been granted due to prosecutorial misconduct, and (5) his conviction was based on insufficient evidence. We affirm.

On February 25, 1984, Saint Louis Police Officer James Mulford pulled over defendant's vehicle on suspicion of speeding. When he approached the vehicle to request a driver's license, Mulford smelled alcohol on defendant's breath. The officer then had defendant perform several field sobriety tests, during which he noticed that de- fendant hesitated before performing some of the requested acts, slurred his speech and staggered as he walked. At that time, defendant admitted to having consumed six beers that evening. After the field sobriety tests, Officer Mulford concluded that defendant was legally intoxicated and arrested him on suspicion of driving while intoxicated, taking him to the police station. There, at Mulford's request defendant submitted to a breath test which showed his blood alcohol content to be .208 of one percent, well above the .10 of one percent which is prima facie evidence of intoxication at the time of the sample. § 577.030(3).

On March 14, 1984, three weeks after his arrest and nine months before trial defendant sent a letter by certified mail to the St. Louis Police Department requesting extensive information regarding the breathalyzer machine and testing procedures.[1] Fifteen days later, defendant sent another certified letter to the police department requesting the same information. The record does not indicate any response to these letters. The prosecutor admitted that defendant never received any information concerning the breathalyzer machine.

I.

Defendant contends the state's failure to respond to his letters constitutes a violation of § 577.020.6, which provides that "[u]pon the request of the person who is tested, full information concerning the test shall be made available to him." In arguing that it was error to deny his motion to suppress the evidence of the breathalyzer test, he relies upon *State v. Paul*, 437 S.W.2d 98 (Mo.App.1969) where this court considered

---

1. The main body of the letter contained the following:

On February 25, 1984, I was arrested on a charge of driving while intoxicated by your division. Would you please send me the records concerning maintenence [sic] on the G.C.I., the operator's training and certificate information, the names and addresses of persons subjected to the test during the twelve hours preceding and after the test was given to me, the specifications and operating procedure for the use of the machine, the logs for the machine for February 24—26, 1984, any police report filed in your division with respects [sic] to my arrest on the charge, and any further information, manuals or other materiels [sic] concerning the malfunction or

an earlier form of the statute.[2] Writing for the court in *Paul* Judge Clemens concluded it was the intent of the legislature that subsection four of the statute be construed as a discovery procedure and, although the statute did not say so, that the exclusionary rule should apply in the case of noncompliance. This conclusion was predicated upon the concept that the purpose of the statute was "to give the accused a pretrial look at information available to the State to convict him." *Id.* at 101. Judge Clemens also observed that "[o]ur legislature is not blind to the trend away from 'the sporting theory of justice' and 'trial by ambush' and toward trials conducted as openhanded searches for truth." *Id.* at 103.

Subsequent to the *Paul* decision, the Supreme Court of Missouri adopted Rules 25.32 and 25.33, effective July 1, 1974, which for the first time provided for disclosure to a defendant by the state in felony cases. In 1980 these rules were made applicable to misdemeanor cases as well as felonies, and the numbers were changed to 25.03 and 25.04.

The adoption of these disclosure rules is perhaps an explanation for the surprising fact that since *Paul* neither § 577.020.6 nor its predecessors have been considered in any reported decision except *State v. Calvert*, 682 S.W.2d 474 (Mo. banc 1984). In *Calvert* the defendant relied upon *Paul* in support of his contention that the state's failure to respond to a Rule 25.04 discovery motion seeking information concerning a breathalyzer machine mandated suppression of the test results even in the absence of any showing of prejudice. The Supreme Court held this reliance to be misplaced because *Paul* did not relate to a Rule 25.04 motion for discovery even though the motion in that case cited § 577.020.4 (now § 577.020.6). *Calvert* at 479. The Supreme Court expressed neither approval

nor disapproval of the *Paul* interpretation of legislative intent and we do not read *Calvert* to implicitly infuse continuing vitality into the statutory construction adopted in *Paul*. On the contrary, implicit in the *Calvert* opinion is the recognition that discovery in criminal proceeding is governed by Supreme Court rules notwithstanding statutory interpretations made prior to adoption of the rules.

▇ Art. V, sec. 5 of the Missouri Constitution expressly grants the Supreme Court power to establish rules of procedure subject to amendment or annulment by legislative enactment of a law limited to that purpose. Where there is a conflict between a rule and a statute, a duly enacted rule not expressly annulled or amended by a later act of the legislature supersedes an inconsistent statute. *State ex rel. Peabody Coal Company v. Powell*, 574 S.W.2d 423, 426 (Mo.banc 1978). Such is the case here. The *Paul* construction of the earlier form of the present § 577.020.6 as evidencing a legislative intent "to give the accused a pretrial look at the information available to the state to convict him" is inconsistent and in conflict with Rule 25, which was adopted five years after *Paul* and brought matters of discovery in criminal proceedings under the supervision and control of the court. Under *Paul*, the state is required to furnish a defendant with any and all information concerning the breathalyzer which might be requested, without limitation. Under Rule 25.04, however, such a request is subject to a judicial determination of reasonableness, relevance and materiality. *Paul* read into the statute an unexpressed but mandatory exclusionary rule as the sole sanction for noncompliance with a discovery request while Rule 25.16 provides various alternative sanctions which the court may impose as it finds just and appropriate.

---

inaccuracy of the machine or of similar machines.

**2.** The statute in *Paul*, § 564.441(4), RSMo.Cum. Supp.1967, read: "[u]pon the request of a per-

son who submits to a chemical test at the request of a law enforcement officer, full information concerning the test shall be made available to him."

■ Since the adoption of Rule 25 in 1974, the Missouri legislature has thrice addressed the Implied Consent Law and continued to reenact subsections identical in substance to § 564.441(4), RSMo.Cum. Supp.1967, which was interpreted in *Paul*.[3] The legislature has made no mention of Rule 25 in these reenactments, however, and the absence of any expressed intention to amend or annul this procedural rule duly adopted by the Supreme Court, Rule 25 subjecting discovery in criminal proceedings, including D.W.I. cases, to judicial control and supervision supersedes and supplants the discovery aspect read into § 564.441(4), RSMo.Cum.Supp.1967, by the court in *Paul*.

*State v. Phroper*, 619 S.W.2d 83 (Mo. App.1981) concerned a conflict, similar to that in the instant case, between a mandatory statute and Supreme Court rule authorizing the exercise of judicial discretion regarding the use of pre-sentence investigations in felony cases. Noting that the conflict between the mandatory language of the statute and the exercise of discretion authorized by the rule constituted a patent and irreconcilable inconsistency, the court determined that the rule was controlling. Moreover, the facts of the instant case demonstrate that justice and fundamental fairness are better served by the judicial discretion authorized under Rule 25 than by the absolutes required under the *Paul* interpretation of the statute. The demands of the defendant's letters to the police department were obviously overbroad and subject to objection, but *Paul* makes no provision for rejection and requires disclosure without limitation. The record reflects no complaint by defendant regarding his unanswered letters until the opening statement of the assistant circuit attorney at the time of the jury trial. Despite this untimely assertion of noncompliance, *Paul* would leave no alternative but suppression

of breathalyzer evidence. Rule 25.16 avoids such an absolute and harsh result by authorizing the court to grant a continuance or to enter any order deemed just under the circumstances.

■ Because Rule 25 provides adequate means by which a defendant may obtain disclosure of relevant and material information from the state, the holding of *State v. Paul*, 437 S.W.2d at 103, that the predecessor statute of § 577.020.6 provided a procedure for pre-trial discovery, should no longer be followed.[4]

## II.

Defendant also contends the trial court erred in denying his motion to dismiss based upon an alleged violation of the double jeopardy guarantee of the Fifth Amendment of the United States Constitution. This contention is founded upon the following facts. On July 10, 1984, the case was set for a non-jury trial before associate circuit judge Booker Shaw. The parties appeared and the witnesses were sworn, and the assistant circuit attorney made an opening statement. It was then discovered that certain documentary evidence was not available and the state requested a continuance, which was granted. Thereafter, defendant requested a trial by jury. This request was granted and the case was transferred, pursuant to a local court rule, to a different division and a different judge. On the date set for the jury trial, defendant moved for dismissal on the grounds of double jeopardy.

■ "In a trial before a judge jeopardy attaches upon the introduction of evidence. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)." *State v. Stevenson*, 589 S.W.2d 44, 50 (Mo.

---

3.  L.1977, S.B. 60
    A.L. 1982, S.B. 513
    A.L. 1983, S.B. 318 and 135.

4.  This ruling does not entirely nullify subsection 6 of the statute. In order that the consent or

refusal or the person to be tested be informed, it remains a valid requirement of the statute that the officer administering the breathalyzer test must respond to questions regarding the test procedures.

App.1979). No evidence was introduced on January 10, 1984 and therefore defendant was not placed in jeopardy at that time. Point denied.

### III.

█ Defendant next complains of an alleged violation of his right to a speedy trial as guaranteed by the Sixth Amendment. His argument, however, is based upon an alleged violation of the Missouri Speedy Trial Act, § 545.780, RSMo.1978, (now repealed). With respect to either the constitutional guarantee or the statutory right, defendant's contention is not supported by the record. Six months of the 10 month delay between arraignment and trial were caused by the defendant's request for continuances, his demand for a jury trial, or by continuances to which he consented. The period of four months for which the state may be considered responsible neither invokes statutory relief, *State v. Sweeney,* 701 S.W.2d 420, 427 (Mo.banc 1985), nor constitutes a constitutional violation, *State v. Robinson,* 696 S.W.2d 826, 831–32 (Mo. App.1985). This is especially true in the absence of any showing or suggestion of prejudice to the defendant by reason of the delay. *Id.* at 832. Point denied.

### IV.

Defendant next asserts trial court error in failing to declare a mistrial because of the statement of a witness and further that he is entitled to a new trial because of improper jury argument by the assistant circuit attorney. We overlook the deficiencies of the record and the brief regarding preservation of these matters for appellate review, and conclude that it is sufficient to say they all relate to discretionary rulings and no abuse of discretion is evident.

### V.

█ Defendant's final point challenges the sufficiency of the evidence. The statement of facts set forth above demonstrates

the complete lack of merit to this contention.

Judgment affirmed.

SMITH and SNYDER, JJ., concur.