STATE of Missouri, Respondent,

v.

Ronald Wayne McNEARY, Appellant.

No. WD 38146.

Missouri Court of Appeals,
Western District.

Nov. 12, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Dec. 23, 1986.

Kenneth I. Grissinger, Kansas City, for appellant.

Kenneth D. Hassler, Pros. Atty., Platte County, Platte City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

McNeary appeals his jury conviction under § 577.010, RSMo 1978, for driving while intoxicated, a class B misdemeanor, for which punishment was set at 30 days plus a $300 fine. The primary point on appeal concerns the introduction of the blood alcohol verifier report, which, under the statute, showed McNeary to be intoxi-

cated. McNeary also claims error because the prosecutor argued punishment in the second part of closing argument.

The appellant's attorney wrote to the trooper who issued the ticket asking for information about the type of testing equipment used, the testing and accuracy of the machine, the qualification of persons who administered the test and the procedures used in administering the test. After receiving the letter the trooper called the attorney, and, according to the trooper's testimony, attempted to the "best of his knowledge" to answer all the questions posed in the letter. Then, within a month of the appellant's letter, the Highway Patrol sent to the attorney a copy of the ticket and a "Breathalyzer Operational Check List." The letter to the attorney also stated the "Alcohol Influence Report" was then "made part of the case file," and was no longer with the Patrol. The day of trial McNeary filed a motion to suppress the report for failure of the state to comply with § 577.020(6) RSMo 1978 which provides: "Upon the request of the person who is tested, full information concerning the test shall be made available to him." The motion was overruled.

Section 564.441(4) RSMo 1959 was the predecessor to § 577.020.6 RSMo 1978. The eastern district in *State v. Paul,* 437 S.W.2d 98 (Mo.App.1969), ruled § 564.-441(4) was mandatory and compliance was a condition precedent for admission of the report into evidence. *Id.* at 103. In *Paul,* the driver wrote to the police requesting "full information" about the intoxication test, particularly about the type of equipment, its inspection and accuracy and the procedure used for determining the alcohol level. *Id.* at 101. The police and the prosecutor made no response, creating reversible error because the report was still admitted.

As stated in *Paul,* the statute presents "a fixed standard for procuring admissible evidence of blood alcohol for use against persons operating automobiles while intoxicated," and recognition by the legislature of the trend away from trials by ambush and toward trials as openhanded searches

for the truth. *Id.* at 103. In the case at bar there is no contention of McNeary having requested information to which he was not entitled under the statute. In fact the information he sought appears to be practically the same as sought in *Paul.* When asked, the trooper said information as to his having been periodically checked as a tester, and based on his permit, was available only through the division of health. Further, McNeary's counsel questioned the witness "and I ask you whether or not the machine had been checked or calabrated (sic) and whether the results had been sent to the Department of Health?" The answer was, "yes, you did, but I didn't have that knowledge." The import of the testimony was that some of the requested information such as the testing and techniques under § 577.020.3 and .4 went to the division of health, and some went to the prosecutor's office, so, "full information concerning the test" under .6 was not made to the person tested.

The pivotal question then becomes whether the test result should have been admitted in evidence. The state argues Rule 25 which pertains to disclosure in criminal cases applies. The state relies on language in *State v. Charity,* 637 S.W.2d 319, 323 (Mo.App.1982), which says if the state fails to make disclosure under Rule 25 the test for the sufficiency of sanctions is whether the failure resulted in fundamental unfairness or prejudice to the defendant. *Charity* involved a defendant's discovery motion presented in the associate division and not renewed in circuit court. The court denied relief because Rule 25 did not impose a duty to disclose upon the state. No alternate relief due under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), was allowed by showing an untimely request under Rule 25, "followed by speculation upon what disclosure might have revealed. *Id.* at 323.

As in *Charity, State v. Calvert,* 682 S.W.2d 474, 478–9 (Mo. banc 1984), rests on different facts from those here. In *Calvert,* a discovery motion for the breathalyzer was made under the statute in the asso-

ciate court. The state made no response, a conviction resulted. A trial de novo was held, and on the day of trial the defendant sought to suppress based on the failure of the state to disclose under § 577.020. The supreme court denied relief and distinguished *Paul, supra,* because, "... no request for information concerning the breathalyzer test was outstanding and unanswered when trial commenced...." *Id.* at 479.

In this case the relevant and necessary information as to testing and calibration had been requested but not supplied. It is not the duty of the driver to figure out which agency has the information—the duty is upon the state, when properly requested, to supply the information. There is no duty for the driver in a § 577.010 case, to make a further request or follow up prior to trial his timely filed and proper request under § 577.020.6. *Paul,* correctly holds the statute is mandatory and the failure by the state to comply with § 577.-020.6 prevents the state from introducing the test results. There not being full compliance by the state, the test results should not have been admitted.

The final question is whether this results in a discharge or in a remand for new trial. An interpretation of the statute and of *Paul* indicates § 577.020.6 is a legislative sanction apart from Rule 25. The statute does not call for a discharge. The court in *Paul* reversed and remanded, the presumption being the state could then disclose and thus comply with the statute and on retrial introduce the properly disclosed test and results. The statute merely states the evidence can't be used if not disclosed, not that the evidence may never be used which would compel a discharge. This court follows *Paul,* to allow retrial after reversal.

The contention as to improper closing argument is not likely to occur on retrial.

The cause is reversed and remanded for new trial.

All concur.