**STATE of Missouri, Respondent,**

v.

**Steven Leroy CONZ, Appellant.**

**No. WD 39886.**

Missouri Court of Appeals,
Western District.

July 5, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1988.

T. Jefferson Stephens, Grant City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

Appellant was charged with driving while intoxicated, in violation of § 577.010, RSMo 1986. Because of two prior convictions for driving while intoxicated, he was convicted of a class D felony and was sentenced to 180 days imprisonment in the county jail. The court suspended execution of the sentence, and appellant was placed on probation for a period of three years. Appellant now appeals on three separate grounds, claiming that the information which charged him as an intoxication-related persistent offender was fatally defective, that the state's evidence was insufficient to establish his status as an intoxication-related persistent offender, and that the trial court erred in admitting the re-sults of his breathalyzer tests because the state failed to comply with certain discovery requests.

The judgment of the trial court is affirmed.

The appellant was charged with driving while intoxicated after a Maryville, police officer stopped him for driving thirty-five m.p.h. in a twenty-five m.p.h. zone. He agreed to take a breathalyzer test, which showed a blood alcohol content of .124 percent by weight. Based on two prior DWI convictions, the appellant was charged with felony DWI as an alcohol-related persistent offender. The state's information read as follows:

> On or about the 17th day of April, 1985, defendant was convicted of operating a motor vehicle while under the influence of alcohol in the Circuit Court of Nodaway County, Missouri; and,

> On or about the 5th day of March, 1980, defendant was convicted of operating a motor vehicle with ten-hundredths of one percent (.10%) or more by weight of alcohol in his blood in the Circuit Court of Andrew County, Missouri.

Following his arrest, appellant filed a Request for Disclosure pursuant to Rule 25.03 and § 577.020.6, RSMo 1986, and he also filed a Motion Requesting Information Not Covered by Rule 25.03 pursuant to Rule 25.04. The purpose of these discovery requests was to obtain detailed information concerning the machine and test utilized to measure the alcohol content of his blood. In response to these discovery requests, the state provided a photocopy of a document entitled "Operational Checklist: Alco Analyzer" and a photocopy of the machine's computer printout.

At the close of trial, the appellant filed a Motion to Dismiss the Information and Set Aside the Conviction. In the motion, the appellant argued that, while the Information did specify the dates of appellant's two prior DWI *convictions,* it did not specify the dates on which the two prior DWI offenses were *committed.* Therefore, the appellant concluded, the Information did not charge an offense or confer jurisdic-

tion. While this motion was pending, the state filed a First Amended Information which pled the date on which appellant's two prior DWI offenses were committed. The appellant filed a motion to dismiss this First *Amended* Information, which was granted by the court. However, the court also overruled the motion to dismiss the *original* Information.

As his first point on appeal, the appellant argues that the trial court erred in overruling his motion to dismiss the original Information and to set aside his conviction. He claims the Information was fatally defective in that it did not specify the dates on which his prior DWI offenses were committed, as required by § 577.023.

Section 577.023 RSMo, 1986, cited by the appellant, is part of a statutory scheme which creates three types of DWI offenses. A related statute, § 577.010, RSMo 1986, categorizes the offenses as follows: (1) simple DWI (class B misdemeanor); (2) prior offender DWI (class A misdemeanor); and (3) persistent offender DWI (class D felony).

 The appellant was charged as a "persistent offender" under § 577.023.1(2) which defines a "persistent offender" as "one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related offense conviction." Appellant interprets this language to mean that a "persistent offender" is one who has *committed* two intoxication-related traffic offenses with ten years of a previous intoxication-related traffic condition.

Based on this interpretation of § 577.023.1(2), the appellant argues that, in order to properly charge him as a "persistent offender," an information must plead the dates on which prior intoxication-related traffic offenses were committed. However, the Information in this case pleaded the dates of his two prior *convictions.* Therefore, he concludes the Information was fatally defective, and the conviction must be reversed.

There is no question that § 577.023.1(2) is susceptible to two interpretations. The first interpretation, favored by appellant, is that § 577.023.1(2) requires that two intoxication-related traffic offenses *be committed* within ten years of a previous such conviction. Under this interpretation, the date of the commission of the offenses is the crucial date to be pleaded.

The second interpretation is that § 577.023.1(2) requires that a defendant pled guilty to, or be found guilty of, two or more intoxication-related traffic offenses within ten years of a previous such conviction. Under this interpretation, the date of the *conviction* of these offenses is the crucial date. Under this interpation the date of the *commission* of the crimes is mentioned only to require that the crimes be committed at different times.

This court believes the second interpretation defines the intent of the Legislature. First, such an interpretation is logically required if the terms of § 577.023.1(2) are to be self-consistent. According to the express language of the sub-section, the relevant date for the first offense (chronologically) is the date of "conviction." Therefore, it is only logical that the relevant dates for the second and third offenses (chronologically) are also the date of conviction—i.e., the date the defendant pleads guilty to, or is found guilty of, these offenses.

Second, such an interpretation is the only interpretation which is consistent with § 577.023.1(3), the immediately-following sub-section which defines a "prior offender" under this statutory scheme. According to § 577.023.1(3), a "prior-offender" is "one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction." In § 577.023.1(3), the date of conviction is the crucial date. In determining the meaning of a statutory provision, the provisions of the entire legislative enactment must be construed together, *Collins v. Director of Revenue,* 691 S.W.2d 246, 251 (Mo. banc 1985), and the court adopts an interpretation of § 577.023.1(2) which harmonizes the definitions of "persistent offender" and "prior offender."

Further support for this interpretation comes from other Missouri appellate decisions which involve § 577.023 and its predecessors. *Dover v. State*, 725 S.W.2d 915 (Mo.App.1987); *State v. Johnson*, 710 S.W.2d 908 (Mo.App.1986); *State v. Newkirk*, 677 S.W.2d 905 (Mo.App.1984). Although the sufficiency of the information was not directly in issue in all of these cases, all of these decisions treat the date of conviction as the pertinent date in this statutory framework.

The appellant points out, that MACH–CR 31.02 and its Notes on Use support his interpretation of § 577.023.1(2). However, Supplemental Note on Use 2 to MACH–CR 1.00 emphasizes that "the MACH–CR forms are not mandated for usage in the same sense that the MAI–CR forms of pattern criminal instructions are required," and that said forms and notes were composed "without judicially deciding or foreclosing any legal, constitutional, procedural, pleading, evidentiary, instructional or other issue which may arise ..." Consequently, appellant's first point is overruled.

█ In the second point on appeal, the assertion is the state's evidence failed to establish his status as an intoxication-related "persistent offender" because the state allegedly failed to comply with § 557.023.13. That sub-section provides, in pertinent part, that "Evidence of prior convictions shall ... include but not be limited to evidence of convictions received by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol." According to the appellant, the provisions of this statute are mandatory, and were violated by the state, because there was no showing any "persistent offender" evidence was obtained by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol. This failure, argues appellant, warrants a reversal and a discharge.

It is true that the state made no explicit showing that it utilized the records of the Missouri uniform law enforcement system to obtain its evidence of the appellant's persistent offender status. However, in the absence of evidence to the contrary, it is presumed that state officials obtained such evidence in a proper and lawful manner. *City of Independence v. Peterson*, 550 S.W.2d 860, 863 (Mo.App.1977).

█ While the use of the word "shall" in a statute will generally be interpreted as mandatory, *Howard v. Banks*, 544 S.W.2d 601, 603–604 (Mo.App.1976), such is not always the case. In determining whether a statute is mandatory or directory, the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory. *Hedges v. Department of Social Services of Missouri*, 585 S.W.2d 170 (Mo.App.1979). Where, as here, a statutory provision does not provide what results shall follow a failure to comply with its terms, it is generally held to be directory. *State v. Wynn*, 666 S.W.2d 862, 864 (Mo.App.1984).

To whatever extent any directive of § 557.023.13 could have possibly been violated by the state in this case, we are unable to see how appellant was in any way prejudiced, as there was sufficient evidence produced at trial to establish appellant's persistent offender status. The second point is overruled.

As his final point on appeal, appellant argues that the trial court erred in admitting the results of his breathalyzer test because, prior to trial, the state had allegedly failed to comply with certain discovery requests involving that test. The content of appellant's discovery requests are summarized in his brief:

appellant sought such things as: the serial number and certifications of the breathalyzer instrument; whether, and under what circumstances, the machine had been tested for radio frequency interference; records of the inspections, modifications and alterations of the machine which analyzed appellant's breath; the instruction manual provided by the manufacturer of the machine; the types of chemicals or standards approved for use in the machine which tested appel-

lant; witnesses who observed appellant prior to the test; whether there had been any false readings or malfunctions of the machine in the ten days prior to, or ten days following the appellant's test; any sound or video recording of the appellant; the training and education of Officer Farrens relating to alcohol traffic offenses, including his breathalyzer certification and continuing training; and documents concerning standard procedures of the Maryville Police Department for intoxication-related traffic offenses.

Appellant claims that the only information provided in response to these discovery requests consisted of a photocopy of a document entitled "Operational Checklist: Alco–Analyzer," and a photocopy of the machine's computer printout. The state claims that it essentially provided appellant with everything in its files.

■ According to appellant, the state's scanty response to his pre-trial discovery requests constitutes a violation of § 577.020.6, RSMo 1986, which requires the state to furnish a defendant—upon that defendant's request—with "full information" concerning any test conducted to determine the alcohol content of his blood. It is appellant's contention that the state's failure to furnish him with "full information" concerning the test precludes the admission of the test results as evidence at trial.

Appellant finds support for his position in this court's opinion in *State v. McNeary*, 721 S.W.2d 168 (Mo.App.1986). In *McNeary*, a DWI defendant requested information concerning the testing and equipment used to determine blood alcohol content, and received in response only a document entitled "Breathalyzer Operational Checklist." *McNeary* ruled § 577.020.6 was mandatory, and that the state's failure to provide "full information" concerning the test precluded the state from introducing the test results at trial. *McNeary* ruled that § 577.020.6 was a legislative sanction apart from the Rule, compelling reversal of the conviction and a remand for a new trial.

The *McNeary* holding is at variance with the later case *State v. Clark*, 723 S.W.2d 17 (Mo.App.1986), where the eastern district reached a different conclusion as to the relationship between § 577.020.6 and Rule 25. In its decision, the *Clark* court observed that § 577.020.6—which effectively provides a mandatory exclusionary rule as the sole sanction for failure to provide all information which a defendant might request concerning a breathalyzer test—is inconsistent and in conflict with Rule 25, which brings matters of discovery in criminal proceedings under the supervision and control of the court, and which subjects such tests to a judicial determination of reasonablenes, relevance, and materiality. Rule 25 provides for a range of discretionary remedies through which a court can monitor and enforce the discovery process, whereas § 577.020.6 offers only the sole sanction of the exclusion of the test results. *Clark, supra,* at 19.

The *Clark* court, citing *State ex rel. Peabody Coal Company v. Powell*, 574 S.W.2d 423, 426 (Mo. banc 1978), ruled that since there was a conflict between a rule and a statute, the rule would supercede the statute. "Where there is a conflict between a rule and a statute, a duly enacted rule not expressly annulled or amended by a later act of the legislature supersedes an inconsistent statute. *Id.* at 19. Thus, the *Clark* court concluded that, since Rule 25 provided adequate means for controlling and enforcing pre-trial discovery, in a criminal action § 577.020.6 should no longer be viewed as providing a procedure for pre-trial discovery. 723 S.W.2d at 20. *McNeary* relied on an eastern district case of *State v. Paul*, 437 S.W.2d 98 (Mo.App.1969), where the court relied on an earlier form of the statute. *Clark* pointed out that after *Paul* the rule in question came into play in this type of case. The *Clark* court held the discovery and disclosure sanctions under the statute, as proclaimed by *Paul*, should no longer be followed. *Id.* at 20.

Agreement is with the *Clark* decision, and the court holds the discovery mechanism embodied in Rule 25 supercedes and supplements the discovery procedure and sanctions read into § 577.020.6 and its predecessor statute by *State v. McNeary*, 721 S.W.2d 168 (Mo.App.1986). Therefore this court's opinion in *McNeary* covering sanctions for failure to provide pre-trial

discovery is overruled and not to be followed. However, this reversal is not to be taken as a signal by the state to unilaterally decide what requests for discovery are proper and what requests are unnecessary or burdensome. The intent and spirit of both the rule and the statute are to provide relevant and material information about the testing, and the results of the alleged offense. The trial court did not commit an abuse of discretion in admitting the test results, so this point is denied. Accordingly, appellant's third point is overruled.

The judgment of the trial court is affirmed.

All concur.