**CITY OF KANSAS CITY, Missouri, Respondent,**

v.

**Marvin W. JOHNNEY, Appellant.**

**No. WD 39921.**

Missouri Court of Appeals,
Western District.

Nov. 29, 1988.

George A. Wheeler, Kansas City, for appellant.

Richard N. Ward, City Atty., George L. Sharp, City Prosecutor, Edward B. Rucker, Asst. City Prosecutor, Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

CLARK, Judge.

After conviction in the Kansas City Municipal Division of the Circuit Court on three counts of assault, Marvin Johnney sought and was granted a trial de novo in the circuit court before a jury. Prior to submission, but after evidence had been presented, Johnney moved to dismiss the cause in the circuit court and to remand the case to the municipal division for execution of the sentence which had been imposed by that court. The motion was denied and Johnney was convicted by the jury.

On this appeal, Johnney contends his motion to dismiss the de novo trial was in the nature of an appeal which he was entitled to withdraw at any time prior to submission. The parties assert, and we agree, that the question is one of first impression in Missouri. The decision in this circumstance must therefore be reached by analogy to collateral rules and decisions and an avoidance of disharmony with related jurisprudence.

■ The concept of a trial de novo reflects, as the name implies, a new proceeding in most respects and, in a criminal or quasi-criminal case, it is a new prosecution. The trial de novo proceeds as if no action had been taken in the municipal division and as though the case had originated in the de novo court rather than in the municipal court. *City of Mexico v. Merline*, 596 S.W.2d 475, 477 (Mo.App.1980). The de novo court does not sit as an appellate court to consider alleged irregularities in the lower court. *State ex rel. City of St. Louis v. Judge of the Court of Criminal Correction*, 542 S.W.2d 1, 2 (Mo.App.1976).

■ In both procedural and substantive terms, a trial de novo in the circuit court of a prosecution first initiated in the municipal court for the violation of a city ordinance proceeds as an original cause in the circuit court. The accused enjoys the presumption of innocence, the prosecution has the burden of proof and the previous conviction in the municipal court is ignored. Because, under the general law, jeopardy attaches for purposes of the Double Jeopardy Clause when a jury is empaneled and sworn,[1] *City of Smithville v. Summers*, 690 S.W.2d 850, 854 (Mo.App.1985), it follows that in a de novo trial to a jury, the accused enjoys immunity from reprosecu-

---

1. In a trial without a jury, jeopardy attaches upon the introduction of evidence. *State v.* .

*Clark*, 723 S.W.2d 17, 20 (Mo.App.1986).

tion at the same point. The accused is also free of the prior conviction to the extent that once the de novo jury is seated, the prosecution has no option to revert to the disposition achieved in the municipal court, but must accept the verdict of the de novo jury.

The municipal court judgment does not, however, become extinguished merely upon the filing of an application for trial de novo or upon transfer of the case to the circuit court. Before trial commences in the circuit court, the judgment of the municipal division remains in effect, but execution is suspended pending disposition of the case in the circuit court. Rule 37.72. Thus, the municipal court judgment is available for full reinstatement if the de novo proceeding is abandoned. Where the applicant for de novo trial elects to withdraw his application before trial commences in the circuit court, he may do so and, in that event, the circuit court remands the case to the municipal court for execution of sentence. *See State ex rel. Garrett v. Gagne*, 531 S.W.2d 264, 265–66 (Mo. banc 1975).

The conditional abatement of the municipal court judgment is also effective to prevent use of the application for de novo trial as a means for a defendant to escape the consequences of the judgment. Where the de novo trial applicant fails to appear for trial in the circuit court, the judge has the discretion either to dismiss the de novo proceeding and remand the case to the municipal court for execution of that court's judgment or to issue a capias warrant and have the defendant brought before the circuit court for the de novo trial. *Id.* at 267.

The incidents of a de novo proceeding discussed above suggest that the cause has the procedural attributes of an appeal, and the associated rights to a discontinuance by the appellant, up to the point where the issues are joined in trial. In the case of a prosecution for violation of a city ordinance, that point is the empaneling and swearing of the jury or the introduction of evidence in a court tried case. After that point is reached, the case then is a cause begun anew and the prior judgment of the municipal court becomes a nullity. It is without any effect as to the penalty imposed if the defendant is convicted of the ordinance violation and, should the defendant be acquitted, he is discharged free of any record of conviction by reason of the municipal court judgment.

The necessary consequence of the foregoing propositions is the conclusion that a defendant in a de novo appeal from a municipal court conviction has no option to abandon the de novo trial once the issues are joined because at that point, there is no surviving municipal court judgment. The seating of the jury hearing the de novo trial, or the introduction of evidence in a bench trial, effectively binds the defendant to the outcome of that trial and he may not belatedly attempt to retreat to the known result of the municipal court judgment. The trial court correctly ruled to that effect in the present case.

Appellant also raises a point of instruction error which has been examined and found to be without merit.

The judgment is affirmed.

All concur.