**Carl HEWITT a/k/a Eugene C. Hewitt, Appellant,**

**v.**

**CITY OF KANSAS CITY, Missouri, Respondent.**

**No. WD 41652.**

Missouri Court of Appeals, Western District.

Oct. 17, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied Jan. 10, 1990.

C. John Forge, Jr., Independence, for appellant.

Edward B. Rucker, Kansas City, for respondent.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

GAITAN, Presiding Judge.

Appellant, Carl Hewitt, was found guilty in a jury-waived trial de novo of intentionally inflicting bodily harm, and hindering and interfering with a police officer in the dis-

charge of his duty, §§ 26.13.2 and 26.35 Revised Ordinances of the City of Kansas City, Missouri (1967). The appellant appeals his convictions, contending that the trial court erred in: (1) finding sufficient evidence to support the convictions; (2) allegedly restricting cross-examination of the City's witness, Clinton John Hewitt; and (3) in sentencing appellant to a term of imprisonment and fine in excess of the penalty assessed in municipal court. Judgment affirmed.

On the evening of July 7, 1988, a dispute arose between appellant and his brother, Clinton Hewitt, at the residence of their sister. At trial, Clinton Hewitt testified that the appellant struck him with a five foot metal pipe causing injuries to his stomach and elbow. After a next-door neighbor telephoned police, Officer Richard Curtin of the Kansas City Police Department responded to the scene of the incident. Officer Curtin testified that he found Clinton Hewitt with a three inch cut on his left arm and a similar laceration on his left side.

Officer Curtin placed appellant under arrest and transported him to the police station for booking. Following standard procedure the police officer began an inventory of appellant's property. During the inventory, officers found cash in excess of twenty thousand dollars on appellant's person. The money was placed on a counter for further inventory. As an officer reached for the money, the appellant grabbed at and struggled with a special investigations detective who had been called because of the large amount of cash found on appellant. Officer Curtin placed appellant in a neck hold and attempted to handcuff him. Appellant resisted violently, requiring three officers to restrain him.

Appellant was convicted of all charges in the Kansas City Municipal Division and sentenced to thirty days in jail with two years probation on each charge, sentences running concurrently. Following the adverse ruling, appellant exercised his right to a trial de novo before an Associate Circuit Court Judge of Jackson County on December 23, 1988. He was found guilty, and following a Motion for Judgment of Acquittal or in the Alternative a Motion for New Trial which was overruled on January 17, 1989, sentenced on February 3, 1989 on each charge to confinement of ninety days at the Municipal Corrections Institution and a fine of five hundred dollars; the confinements to run concurrently.

In appellant's first and second points of appeal, he contends that the trial court erred in finding sufficient evidence to convict appellant of intentionally inflicting bodily harm, and hindering and interfering with a police officer in the discharge of his duty. In both instances, he argues that the evidence relied upon by the City is entirely circumstantial and is not so conclusive as to preclude a reasonable hypothesis of innocence.

In testing the sufficiency of the evidence to support a conviction, the appellate court must accept the State's evidence as true and give the State the benefit of all reasonable inferences, while disregarding all evidence and inferences to the contrary. *State v. Gardner*, 741 S.W.2d 1, 9 (Mo. banc 1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988).

In attacking his conviction of intentionally inflicting bodily harm on Clinton Hewitt, appellant argues that the victim was biased because of a long standing feud with the appellant. Additionally appellant contends that he and another witness testified that the appellant never struck his brother. In attacking his conviction of interfering with Officer Curtin, appellant argues that he merely wanted his money counted before him.

The testimony of a single witness is sufficient to establish the identity of a criminal defendant if the trier of fact believes it beyond a reasonable doubt. *State v. Bolder*, 635 S.W.2d 673, 679 (Mo. banc 1982), *cert. denied*, 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983). Clinton Hewitt testified that his brother Carl struck him approximately four times with a metal pipe. Officer Curtin testified that the appellant became violent, attacked a police detective, and interfered with the performance of his duties. No evidence presented at trial demonstrated that these identifications were unreasonable, or that the testimony

of either witness was intrinsically unbelievable. Therefore the eyewitness testimony must be accepted as true. Appellant argues that there were inconsistencies in the testimony of both witnesses. However the determination of the credibility of witnesses and the effects of conflicts or inconsistencies in any testimony are within the province of the trier of fact. *State v. Hitchcock*, 676 S.W.2d 538, 540 (Mo.App.1984); *see also, State v. Lytle*, 715 S.W.2d 910, 915 (Mo.Banc 1986). The trial court is in a superior position to assess witness testimony and is free to believe such testimony in whole or in part.

■ Appellant mistakenly applies the circumstantial evidence rule in this case. The rule governs only those cases founded *entirely* on circumstantial evidence. *State v. Nickens*, 701 S.W.2d 478, 486 (Mo.App. 1985), *citing, State v. Biddle*, 599 S.W.2d 182, 192 (Mo. banc 1980). Here the City's case was supported by direct evidence. The testimony of both Clinton Hewitt and Officer Curtin was based on first-hand knowledge. Consequently, the circumstantial evidence rule is inapplicable.

After an evaluation of all the City's evidence, sufficient evidence existed from which the trial court could find the appellant guilty of § 26.13.2 and § 26.35 of the Revised Ordinances of the City of Kansas City, Missouri. Appellant's first and second points of appeal are denied.

Appellant next contends that the trial court erred in not allowing appellant to show the bias and credibility of the City's witness, Clinton Hewitt's on cross-examination.

Allegations of error shall not be considered on appeal unless they were represented to or expressly decided by the trial court. *State v. Toney*, 680 S.W.2d 268, 275 (Mo.App.1984); *State v. Pospeshil*, 674 S.W.2d 628, 632 (Mo.App.1984). No objection was made at trial to any of the trial court's rulings during the cross-examination of Clinton Hewitt. Because appellant never objected to any limitation of cross-examination, his complaint will not be heard by this Court.

In addition the record indicates that the trial court allowed wide latitude in the cross-examination of Clinton Hewitt. The trial court is vested with broad discretion in its control of cross-examination, *State v. Leisure*, 749 S.W.2d 366, 378 (Mo. banc 1988), and may determine the extent of cross-examination into collateral issues. *State v. Thurmond*, 693 S.W.2d 909, 912 (Mo.App.1985). The appellant challenged the City's witness regarding the filing of numerous prior charges against appellant and the witness's accusation that appellant "bought" his way out of prior convictions. Only once was an objection made by the city attorney sustained and appellant failed to respond to the trial court's ruling. This Court does not find any merit in appellant's third contention. Point denied.

■ In appellant's final point on appeal, he alleges that the trial court erred in sentencing appellant to a term of imprisonment and fine in excess of the penalty assessed by the municipal court.

"The concept of trial de novo reflects, as the name implies, a new proceeding in most respects, and, in a criminal or quasi-criminal case, it is a new prosecution." *City of Kansas City v. Johnney*, 760 S.W.2d 930, 931 (Mo.App.1988). In *Johnney* this Court held that a trial de novo proceeds as if no action had been taken in the municipal court and as if the case had originated in the de novo court. In rendering its decision, the de novo court does not sit as an appellate court. *Id; see also, State ex rel. Means v. Randall*, 764 S.W.2d 120, 123 (Mo.App.1988).

A trial de novo has the procedural attributes of an appeal and appellant by right may discontinue it up to the point the issues are joined by trial. In the case of a prosecution for violation of a city ordinance, that point is the introduction of evidence in a bench tried case. *Id.* at 932. "After that point is reached, the case then is a cause begun anew and the prior judgment of the municipal court becomes a nullity. It is without any effect as to the penalty imposed...." *Id.*

Appellant incorrectly relies on this Court's decision in *City of Kansas City v. Kinsman*, 662 S.W.2d 911 (Mo.App.1983), in which the appellant in the case filed a notice of appeal which was dismissed by

this Court because the sentence and judgment of the trial court were premature and void. The cause was sent back for proper rendering of judgment and sentence. At that time, the same trial judge imposed a greater punishment. *Kinsman* is distinguishable from the present case in that once the issues are joined at a trial de novo, there is no surviving municipal court judgment. Therefore, unlike *Kinsman* where a previously. imposed sentence was enhanced, appellant's municipal court judgment is extinguished. As no prior sentence existed, the de novo court's sentence was not an enhancement but rather an imposition of sentence for the first time.

In *North Carolina v. Pearce*, 395 U.S. 711, 724–26, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969) the United States Supreme Court held that it is a violation of due process to impose, unexplained, a more severe sentence upon reconviction of a defendant. As previously noted, in a trial de novo, the sentence is considered the original judgment. Therefore, we fail to find a violation of the constitutional principle espoused in *North Carolina v. Pearce*. Appellant's fourth point is denied.

Judgment affirmed.

All concur.