Gerald Joseph KERSTING,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 57634.

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 26, 1990.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for respondent-appellant.

Gerald M. Dunne, Todd I. Muchnick, St. Louis, for petitioner-respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals from a trial court judgment granting driver's petition for review and reinstating

his driving privileges. We reverse and remand.

■ Driver was convicted of vehicular manslaughter on July 8, 1988. Section 302.302 [1] requires the assessment of twelve points for such conviction. Section 302.-304.6 obligated director to revoke driver's license: "The director shall revoke the driver's license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months." For five years from July 8, 1988, director cannot grant an application by driver for a license:

The director shall not issue any license hereunder:

(10) To any person whose application shows that he was, within five years prior to such application, ... convicted of the crime of vehicular manslaughter....

§ 302.060(10). Section 302.304.1 provides for notice of point assessments: "The director shall notify by ordinary mail any operator or chauffeur of the point value charged against his record when the record shows four or more points have been accumulated in a twelve-month period."

■ After driver's conviction for vehicular manslaughter, director revoked his driving privileges. On October 26, 1988, director mailed driver a "corrected" notice informing him his driving privileges were revoked effective November 24, 1988. The notice included his driving record which showed the July 8, 1988 conviction described as a "VEHMAN" violation and the resulting 12.0 point assessment. Director admits the "corrected" notice incorrectly ascribed two DWI convictions as the reason for revocation. No other notices are before us in this sparse record on appeal. Driver has attempted to enlarge the record by appending documents marked as exhibits to his brief; however, director objects and the documents were neither included in the record on appeal nor filed in this court as separate exhibits. We cannot consider them. *See Cody v. Placke,* 703 S.W.2d

559,560 (Mo.App.1985) (objection); Rule 81.12(a) (record on Appeal); *and* Rule 81.15 (separate exhibits).

Driver filed his petition for review on December 14, 1988. The trial court reinstated his driving privileges because the court in which driver was convicted of vehicular manslaughter on July 8, 1988 failed to comply with § 302.225.2 by forwarding to director within ten days of conviction a record of the conviction.

Director's point dispositive on appeal is:

The trial court erred in sustaining [driver's] petition for review and ordering reinstatement of his driving privileges because the ten day notification requirement of section 302.225.2 RSMo (Supp.1989) is directory rather than mandatory in that this section does not set forth a result or penalty for noncompliance and must be read in conjunction with sections 302.302 and 302.304.6, RSMo (Supp.1989).

Section 302.225.2 provides:

Whenever any person is convicted of any offense ... for which sections 302.-010 to 302.340 makes mandatory the ... revocation of the operator's or chauffeur's license of such person by the director of revenue, the circuit court in which such conviction is had shall require the surrender to it of all operator's and chauffeur's licenses, then held by the person so convicted, and *the court shall within ten days thereafter forward the same, together with a record of the conviction, to the director of revenue.*

(Emphasis ours).

"The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislature, giving reasonable interpretation in light of legislative objective." *Collins v. Director of Revenue,* 691 S.W.2d 246,251 (Mo. banc 1985).

While the use of the word "shall" in a statute will generally be interpreted as mandatory ... such is not always the case. In determining whether a statute is mandatory or directory, the general

---

**1.** All statutory references are to RSMo 1986. Other than § 302.311, the provisions of Chapter 302 cited herein were repealed and reenacted effective July 27, 1989.

rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory.... Where ... a statutory provision does not provide what results shall follow a failure to comply with its terms, it is generally held to be directory.

*State v. Conz,* 756 S.W.2d 543,546 (Mo. App.1988). It appears to us the legislative intent of this statute is to speed revocation of driving privileges, not to provide procedural protection for the driver. Although the emphasized language uses the word "shall," no result is prescribed if the court fails to comply with the ten day requirement. The language is directory, not mandatory. The trial court erroneously applied the law in reversing director's revocation of driver's driving privileges on the basis of the court's failure to forward a record of driver's conviction to director within ten days.

■ Section 302.304.6 required director to revoke driver's driving privileges. Director had no discretion in carrying out this statutory mandate. *Brown v. Director of Revenue,* 772 S.W.2d 398 (Mo.App.1989). Here, as in *Brown,* because director had no discretion, a reviewing court also has no discretion; therefore, we reverse and remand with direction to reinstate director's revocation of driver's driving privileges.

Judgment reversed and cause remanded.

GARY M. GAERTNER, P.J., and CRIST, J., concur.