**Jeffrey RUNDQUIST,**
**Plaintiff/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.**

**No. ED 78810.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 11, 2001.

Susan Burger, Anna, IL, for appellant.

David G. Beeson, Mary E. Boner, Jackson, MO, for respondent.

Before JAMES R. DOWD, C.J., LAWRENCE G. CRAHAN and MARY R. RUSSELL, JJ.

*ORDER*

PER CURIAM.

Husband appeals from the judgment of dissolution entered by the Cape Girardeau

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Kristen H. Garroway, Assistant Attorney, St. Louis, MO, for appellant.

Jeffrey Rundquist, pro se, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director), State of Missouri, appeals from the trial court's judgment ordering the Department of Revenue to remove a Kentucky driving under the influence of alcohol (DUI) conviction from Jeffrey Rundquist's (Driver's) driving record and reinstating his driving eligibility. We reverse and remand.

Driver was convicted of DUI on July 18, 1995, in Illinois. Driver was convicted of DUI on October 31, 1995, in Kentucky. Driver was convicted of driving while intoxicated (DWI) on May 1, 1996, in Missouri. On June 21, 2000, in response to Driver's application for a driver's license, the Department of Revenue notified Driver that he was ineligible to receive a driver's license because of the two DUI and one DWI convictions. Driver filed a petition for review of the decision claiming the Kentucky and Illinois DUI convictions did not comply with the Missouri Driver License Compact in Section 302.600, RSMo 1994. Specifically, Driver alleged fourteen technical defects in both conviction reports, and claimed Section 302.600 mandated removal of the convictions and resulting points from his driving record.

At trial Driver argued that the Kentucky DUI conviction should be removed from his driving record because the conviction report failed to 1) identify the Kentucky statute, code, or ordinance violated, and 2) indicate whether Driver pled guilty or was found guilty of the charged offense.[1] Driver argued that Section 302.600, Article III, which sets forth the information required to be provided in out-of-state conviction reports, is mandatory. Driver did not address any alleged problems with the Illinois or Missouri convictions. The trial court found for Driver, setting aside Director's denial of Driver's license application, because "the Kentucky DUI conviction ... does not comply with the Missouri Compact Agreement in that specific required information is not included." Additionally, the trial court ordered the Department of Revenue to remove the Kentucky DUI conviction from Driver's driving record. Director appeals from that judgment.

When a trial court reinstates a driver's driving license after it has been revoked or suspended, the appellate court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied

---

1. Driver did not allege that he was not convicted of a DUI in Kentucky. Driver did not file a brief in this court.

the law. *Wampler v. Director of Revenue,* 48 S.W.3d 32, 34 (Mo. banc 2001).

In her first point, Director claims the trial court erred in setting aside the denial of Driver's driver's license application because it erroneously applied Section 302.600 in that the guidelines of Section 302.600, Article III, are directory rather than mandatory. Director further contends Driver's previous convictions provided a sufficient basis for Director to exercise her discretion in denying Driver's application on the grounds that he is an unsafe driver.

Section 302.600, Article III, requires the licensing authority of any state who is a party to the Driver License Compact to

> report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. *Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code or ordinance violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or whether the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith.*

Section 302.600, Article III (Emphasis added).

█ " 'The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislature, giving reasonable interpretation in light of legislative objective.' " *Kersting v. Director of Revenue,* 792 S.W.2d 651, 652 (Mo.App. E.D.1990) *quoting Collins v. Director of Revenue,* 691 S.W.2d 246, 251 (Mo. banc 1985).

█ " 'While the use of the word "shall" in a statute will generally be interpreted as mandatory ... such is not always the case.' " *Kersting,* 792 S.W.2d at 652 *quoting State v. Conz,* 756 S.W.2d 543, 546 (Mo.App. W.D.1988). The general rule in determining whether a statute is mandatory or directory is when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed. *Id.* at 652–653. However, if the statute merely requires certain things to be done and nowhere prescribes results that follow, such statute is merely directory. *Id.* Where a statutory provision does not provide what results shall follow a failure to comply with its terms, it is generally held to be directory. *Id.* at 653.

In *Kersting,* we interpreted the requirements of Section 302.225.2 to be directory rather than mandatory. *Kersting,* 792 S.W.2d at 653. Kersting's driving privileges were revoked after he was convicted of vehicular manslaughter. The trial court reinstated Kersting's driving privileges because the court in which he was convicted of vehicular manslaughter failed to comply with Section 302.225.2 by forwarding a record of the conviction to the director within ten days. *Id.* at 652. Section 302.225.2 provides: "Whenever any person is convicted of any offense ... for which sections 302.010 to 302.340 makes mandatory the ... revocation of the operator's or chauffeur's license of such person by the director of revenue, the circuit court in which such conviction is had shall require the surrender to it of all operator's and chauffeur's licenses, then held by the person so convicted, and *the court shall within ten days thereafter forward the same, together with a record of the conviction, to the director of revenue".* (Emphasis in original). On appeal, we found the statute to be directory rather than mandatory,

because 1) no result is prescribed in the statute if the court fails to comply with the ten day requirement, and 2) the legislative intent appeared to be to speed revocation of driving privileges, and not to provide procedural protection for the driver. *Id.* at 653; *see also Frager v. Director of Revenue,* 7 S.W.3d 555 (Mo.App. E.D.1999) (Statute providing director "shall" issue a final decision within ninety days after an administrative hearing was found discretionary because the statute specified no result for failure to comply with the ninety day provision.).

■ It appears to us that the legislative intent behind Section 302.600 was the sharing of information between states who choose to be parties to this Driver License Compact regarding convictions for offenses related to the use of motor vehicles for the safety and protection of the citizens of those states. Although the statute uses the word "shall," no result is prescribed if a party state fails to provide all of the information listed in Article III, Section 302.600. The language is directory, not mandatory, and the trial court erred in holding otherwise. Additionally, it was within the Director's discretion to deny Driver's application on the grounds that he is an unsafe driver. Section 302.600, Article V(2), provides ". . . [t]he licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant such person the privilege of driving a motor vehicle on the public highways." The trial court erroneously applied the law in setting aside Director's denial of Driver's driver's license on the basis that "required" information was missing from the Kentucky DUI conviction record.

Point one is granted.

Director next asserts the trial court erred by ordering the Department of Revenue to expunge the Kentucky DUI conviction from Driver's driving record under Section 302.600 because there is no statutory basis for expungement and the court is without power to order it.

■ In light of our resolution of Director's first point, it is clear that expungement of the Kentucky DUI conviction record was not proper. Because the requirements of Section 302.600, Article III, are directory, not mandatory, it was within the Director's discretion to consider the record in determining whether to deny Driver's application. Furthermore, in the absence of statutory authorization for expungement of Department of Revenue records, a court has no equitable power to expunge. *See e.g., McNally v. St. Louis County Police Dept.,* 17 S.W.3d 614, 617 (Mo.App. E.D.2000). Section 302.600 does not authorize expungement of records. Further, the legislature has enacted a statute which deals specifically with expungement of Department of Revenue records. Section 302.545 RSMo Cum.Supp.1999. " 'When the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general.' " *McNally,* 17 S.W.3d at 616 *quoting Greenbriar Hills v. Director of Revenue,* 935 S.W.2d 36, 38 (Mo. banc 1996). Section 302.545 authorizes the expungement of records of suspension or revocation for "[a]ny person who is less than twenty-one years of age" and meets certain conditions. Section 302.545.1. When a statute enumerates the persons affected, it is to be construed as excluding from its effect all those not expressly mentioned. *McNally,* 17 S.W.3d at 616. Section 302.545 therefore excludes from expungement records for persons who do not fall within the

purview of that statute [2]. *Id.* at 616–617. There is no statutory basis for expungement of the Kentucky DUI conviction from the Department of Revenue records. Absent a statutory basis, the trial court had no power to order the expungement.

Director's second point is granted.

The judgment of the trial court is reversed and remanded with directions to affirm Director's denial of Driver's application for a driver's license and to deny any expungement of the Kentucky DUI conviction from the Department of Revenue records.

DRAPER III, P.J. and MARY R. RUSSELL, J., Concur.

---

**2.** Driver does not allege he is under twenty-one years of age or qualifies under any other conditions in this statute.