Michael VOGEL, Plaintiff–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Defendant–Appellant.

No. 16866.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 1991.

William L. Webster, Atty. Gen., James A.
Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Gregory D. Williams, Williams &
Henderson, Sunrise Beach, for plaintiff-respondent.

HOGAN, Judge.

The Director of Revenue appeals from a judgment of the Circuit Court of Camden County reversing an order of license suspension issued by the Director. In the circumstances presented, we reverse and remand.

On December 16, 1988 Michael Vogel was driving a 1974 Dodge van. He was stopped by a member of the Missouri State Highway Patrol in circumstances not specifically shown by the record. Vogel was unable to make proof of financial responsibility for the vehicle as required by § 303.024, RSMo 1986. On December 30, 1988 the Department of Revenue received notice of Vogel's failure to make proof of financial responsibility. On January 11, 1989 the Department sent Vogel a notice requesting proof of financial responsibility covering the 1974 Dodge. Vogel was advised that if such proof was not provided nor a hearing requested, his driving privileges would be suspended effective February 13, 1989. He was also advised that he had the right to request an administrative hearing.

On February 6, Vogel requested an administrative hearing. On March 14, a hearing was held by an administrative hearing officer. Vogel testified that at the time he was stopped he was driving his 1974 Dodge van. He further testified:

\* \* \* \* \* \*

"... That's my work van. And, at the time [I was stopped] I [had] previously been in ownership of a full coverage policy of my motorcycle for the past two years. I thought I was in accordance with the law by having a full coverage policy being it would cover me and everything I drove. At the time I was stopped, the officer told me it wasn't a coverage policy for the van. And the next day, I immediately bought a new policy which I sent in with this, accordance to this hearing. And that's about all I can show for proof of. I'm trying to be incompliance [sic] with the law. I don't believe I should be suspended for that I'm [sic] mean.

[HEARING OFFICER]: If I am reading the copy that you have sent in correctly, it states that you made application [for insurance on the Dodge van] on January 31, 1989.

MICHAEL VOGEL: Right.

[HEARING OFFICER]: Okay, and that you just mentioned that you went to get insurance *the day after being stopped.* (Emphasis added.)"

\* \* \* \* \* \*

On April 3, 1989 the Director made findings of fact and conclusions of law as required by 12 CSR 10–25.030(9). Essentially, the Director found that when Vogel was stopped on December 16, 1988 he failed to make that proof of financial responsibility required by § 303.024.5, RSMo 1986. The Director further found that Vogel testified as we have indicated and that he presented two insurance policies. The declaration pages of the two policies showed that both were issued by the American Standard Insurance Company. One of the policies covered Vogel's 1974 Dodge for a three-month period beginning February 1, 1989; the other covered Vogel's 1986 Honda motorcycle for a one-year period beginning August 11, 1987. Vogel's testimony was that he had not received his new policy for his motorcycle, but coverage was still in effect.

The Director's dispositive conclusion of law was that Vogel's testimony, taken as true, showed that he was driving an uninsured motor vehicle on December 16, 1988, and his belief that the policy covering the motorcycle also covered the van did not excuse him. We have examined the declarations page of the policy which covered the motorcycle; there is no declaration concerning a 1974 Dodge van. The Director found that inasmuch as this incident constituted Vogel's first violation of the Financial Responsibility Law, suspension of his driving privileges for a period of sixty days would be an appropriate punishment. Accordingly, Vogel's driving privileges were suspended for sixty days commencing May 6, 1989.

Pursuant to the provisions of § 303.290.2, RSMo 1986, Vogel filed a petition for review and an application for hardship driving privileges in the Associate Division of the Circuit Court of Camden County. On January 29, 1990 the cause came on for hearing and the following docket entry was made:

"Case called. Plaintiff in person and with atty. [illegible] Defendant appears P.A. Evidence heard by testimony of Michael Vogel. Case under advisement."

On February 20, 1990 the trial court entered an order and judgment finding, among other things:

" . . .

2. That the plaintiff presently maintains a policy of liability insurance on all motor vehicles which he owns, and has maintained such insurance since February 1, 1989.

3. That notwithstanding Plaintiff's maintenance of such financial responsibility on April 3, 1989 the [Department] entered its order suspending Plaintiff's driving privileges for a period of sixty (60) days.

4. That the decisions of the Director of Revenue and the Administrative Hearing Officer revoking petitioner's license for 60 days was unreasonable.

. . ."

The court reinstated Vogel's license to operate a motor vehicle. The Director timely appealed to this court as permitted by § 303.290.2, RSMo 1986. By letter dated March 1, 1990, the Director requested a transcript of the trial, requesting that the court include all of the testimony of the witnesses and "the remarks and judgment of the court." The Director asked to be informed if no transcript had been made and also asked that the legal file be prepared. The Director's request complied fully with Mo.R.Civ.P. 81.12(c). On March 7, 1990 the Director was advised by the associate division of the circuit court that no magnetic recordings of the associate circuit judge's hearing had been made and no court reporter was present at the time of trial. It does appear that all parts of the record required to be filed by Mo.R.Civ.P. 81.12(a) have been filed in this court, except for the transcript.

Section 303.290.2, RSMo 1986, provides in pertinent part that any decision, finding or order of the Director under the provisions of Chapter 303 shall be subject to review by appeal to the circuit court of the licensee's county of residence. It is further provided that:

> "... Upon such appeal the cause shall be heard *de novo* and the circuit court may determine the reasonableness of the director's decision, finding or order ... in whole or in part...." (Emphasis added.)

Our colleagues of the Western District have construed § 303.290.2 to require the circuit court to conduct a literal hearing de novo once jurisdiction is lodged in the circuit court. At this hearing de novo, the parties are permitted to introduce additional evidence, not duplicative of that presented to the Director, and the circuit court then enters its judgment upon the whole of the evidence. Any subsequent appeal is taken from the judgment of the circuit court and not from the decision of the Director. *Boyd v. Director of Revenue*, 703 S.W.2d 19, 22 (Mo.App.1985).

Both parties address the state of the record indirectly. Vogel cites *Delf v. Cartwright*, 651 S.W.2d 622 (Mo.App.1983), and *Postlewait v. Missouri Department of Revenue*, 643 S.W.2d 314 (Mo.App.1982), and argues that because the Director did not file a transcript in this court, the omission should be taken as favorable to the trial court's judgment and unfavorable to the Director. *Delf* applies the principles suggested by the respondent, *Delf v. Cartwright*, 651 S.W.2d at 623–24, but in the *Delf* case there was no showing that anything other than an affidavit, possibly, was introduced in evidence at the hearing de novo. In the case at hand, the record recites that Vogel testified, but his testimony was not preserved.

Sections 517.011.1(3) and 517.021, RSMo. Cum.Supp.1989, read together, provide that the rules of civil procedure apply to cases which arise under Chapter 303 and which are originally filed before an associate circuit judge. Section 303.290.2 establishes, as we have noted, a procedure for review of the Director's decision or order under the provisions of Chapter 303. Section 512.180.2, which establishes the procedure to be followed in taking an appeal from contested civil cases tried before an associate circuit judge in cases not provided for by § 512.180.1, requires that a record be kept so that the person aggrieved by the decision may have a record upon which to appeal. This is *not* a case included within the provisions of § 512.180.1, which provides for trials de novo in certain cases heard by an associate circuit judge.

Statutes relating to the same or similar subject matter—in this case appeals from particular administrative orders of the Director—even though enacted at different times and found in different chapters, are in pari materia and must be construed together. *State ex rel. Schwab v. Riley*, 417 S.W.2d 1, 4 (Mo. banc 1967); *State ex rel. Smithco Transport Co. v. Public Service Commission*, 316 S.W.2d 6, 12–13 (Mo. banc 1958). The statutes we have just quoted explicitly or by clear implication provide that: A case which arises under the provisions of Chapter 303 and which originates in the associate circuit division is subject to the rules of civil procedure, as if the case were being tried in regular circuit court. Section 303.290.2 provides that review of a decision of the Director of Revenue in circuit court shall be a literal hearing de novo. The appellate court then reviews the judgment of the circuit court, not the decision of the Director. *Boyd v. Director of Revenue*, 703 S.W.2d at 22. Section 512.180.2 provides that a record shall be kept in all contested cases tried with or without a jury before an associate circuit judge. The statutes clearly require the associate division to keep a record of its proceedings when it reviews a decision of the Director under the provisions of Chapter 303, the Motor Vehicle Financial Responsibility Law.

This is not a case in which the appellant neglected to furnish a record which had been prepared; the trial court made no record, although its docket indicates evidence was received. We cannot review the cause upon the record presented. Unless the parties can prepare and submit an

agreed statement, as provided by Rule 81.-13, the cause must be heard again before the associate circuit court. If another hearing is had, both parties shall be allowed to present any evidence they may have which is admissible but not duplicative of the evidence already contained in the administrative record. The judgment is accordingly reversed and the cause is remanded for the purpose indicated.

PARRISH, P.J., and SHRUM, J., concur.