William Scott **KOEHR**, Petitioner–Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI,** Respondent–Appellant.

No. 59438.

Missouri Court of Appeals, Eastern District, Division One.

July 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1991.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen. Missouri

Dept. of Revenue, Jefferson City, for respondent-appellant.

Gourley, Sallerson & Fluhr, Steven S. Fluhr, St. Louis, for petitioner-respondent.

KAROHL, Judge.

Director of Revenue appeals a circuit court ruling reversing his order suspending a driver's license after licensee was involved in a motor vehicle accident when uninsured, a violation of § 303.025 RSMo 1986. We remand.

William Koehr, plaintiff, was involved in a motor vehicle collision on August 9, 1988. Although the accident report indicated he was insured, subsequent investigation indicated his insurance coverage lapsed on March 7, 1988. Plaintiff's drivers license was suspended by the Driver's License Bureau on June 19, 1989, pursuant to § 303.-041 RSMo 1986. The suspension was upheld by an Administrative Hearing Officer on September 26, 1989. Plaintiff then filed a Petition for Review in the circuit court which reinstated his license.

Licensee contends this court lacks authority to determine the merits of this appeal because the record on appeal is nonexistent. The transcript from the circuit court proceeding is unavailable.

The Southern District of this court recently considered this issue in *Vogel v. Director of Revenue*, 804 S.W.2d 432 (Mo. App.1991). In *Vogel*, as in the current case, the Director of Revenue attempted to present the necessary record for appeal pursuant to Rule 81.12(c). In this effort, the Director requested a transcript of the circuit court proceeding. The Director was then informed that the transcript was unavailable. The court reversed and remanded to afford both parties an opportunity to try the case with a proper record.

The only factual difference between *Vogel* and the current case involves knowledge of additional evidence presented in the circuit court. In *Vogel*, it was apparent from the record on appeal that evidence was received. *Vogel*, 804 S.W.2d 432. In the current case, the record does not indicate what evidence was heard. This difference, however, is not significant. In both

situations, appellant did not neglect "to furnish a record which had been prepared; the trial court made no record." *Id.*

Accordingly, we remand so a proper record may be produced.

PUDLOWSKI, P.J., and GRIMM, J., concur.