Ellen M. EDWARDS, Plaintiff/Appellant,

v.

**MARTHA ROUNDS ACADEMY FOR CHILDREN, Defendant/Respondent.**

No. 61972.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 29, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1993.

Ellen M. Edwards, pro se.

Thomas J. Plunkert, St. Louis, for defendant/respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's order granting summary judgment for defendant. Plaintiff's petition had alleged, inter alia, that defendant breached a contract wherein it was to provide day care services for plaintiff's child. On appeal, she contends that the trial court erred in determining that defendant was entitled to judgment as a matter of law because there remained genuine issues of material fact. We reverse and remand.

When reviewing a ruling on a motion for summary judgment we scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence. *Cavin v. Kasser*, 820 S.W.2d 647, 649 (Mo.App.1991). Summary judgment is appropriate only if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). If there is the slightest doubt as to the facts then a genuine issue of fact exists for purposes of Rule 74.04(c), and summary judgment

should not be entered. *Hawes v. O.K. Vacuum & Janitor Supply Co.*, 762 S.W.2d 865, 867 (Mo.App.1989).

Plaintiff filed a six count petition premised on breach of contract, alleging that "[she] and defendant [had] entered into a written and/or oral contract for child care service." Plaintiff's exhibits A, B, C, and D, which she claimed constituted the written agreement, were attached to the petition and incorporated by reference. Plaintiff further alleged that defendant had agreed to provide day care services for her daughter on a five mornings per week basis and had breached this agreement by later refusing to perform the contract. Her petition also stated counts alleging fraud, fraudulent misrepresentation, negligence, negligent misrepresentation, and promissory estoppel.

Exhibit A was plaintiff's daughter's application for admittance at defendant's day care center. The application, dated October 10, 1990, first provided space for information about the child's parents, pediatrician and dentist. It then asked for "anticipated date of entrance", "arrival time", and "pickup time" to which plaintiff responded "June/July 1991", "8:30", and "1:00" respectively. After this the form stated, "[t]he Academy will be open from 6:30 a.m. to 6:00 p.m. Monday through Friday. Preschool class hours are 8:30 a.m. to 11:30 a.m." Under the section titled "Program", plaintiff placed a check mark next to "Infants—Morning Only" and under "Days" wrote, "Mon., Tues., Wed., Thurs., Fri." Further, the application stated:

> We request that a child attend at least two days per week. The Academy must know the specific days your child will be in attendance. A two week advance notice is required for any schedule change.
>
> Nonrefundable enrollment fee of $35 enclosed. *Two week withdrawal notice required.* Notification for acceptance will be made by letter which will include our Policies and Procedures, Field Trip Permission Form, a Physician's Physical Examination Report, and Emergency Medical Care Form. Completed forms are to

be returned to the Academy within ten (10) days. (Emphasis ours).

Finally, the application was signed by plaintiff and her husband and at the bottom was the following language, "Thank you for your interest. We are looking forward to serving you and caring for your child."

Exhibit B was a letter dated October 17, 1990, from Director Evelyn Beel to plaintiff and her husband. The letter stated:

We are in receipt of your application for your baby-to-be to attend Martha Rounds Academy for Children Monday through Friday A.M. starting June or July 1991. This application will place your baby's name on our waiting list, and we will make every effort possible to accommodate you at the time requested. However, if we should be full then, we will notify you just as soon as a vacancy occurs.

Exhibit C was a copy of a $35 check dated October 10, 1990, payable to the order of defendant and signed by plaintiff. In the memo portion of the check was written, "DAY CARE/ENROLMT FEE." Exhibit D was a copy of both sides of the same check after it had been negotiated by defendant.

Plaintiff testified in her deposition that in January, 1991, she telephoned defendant and spoke to one of its Directors, Grace Brady. She informed Ms. Brady that she wanted her child to begin attending day care on July 29, 1991. Ms. Brady indicated this would not be a problem and that defendant would be "holding a spot open for [plaintiff's child]." Plaintiff stated she was told to telephone Ms. Brady or Director Evelyn Beel after the baby was born in order to let defendant know that her plans had not changed.

Plaintiff further testified that on March 8, 1991, a couple of weeks after her daughter's birth, she telephoned Ms. Beel and related her earlier conversation with Ms. Brady. Ms. Beel informed plaintiff that her child would not be accepted because of defendant's "two full day minimum attendance requirement." Plaintiff stated this was the first time she was ever informed of an attendance requirement.

On appeal, plaintiff contends that the trial court erred in granting summary judgment because "[defendant] failed to establish, and was not entitled to, judgment as a matter of law and/or there existed genuine issues of material fact."

Defendant, in its motion for summary judgment, claimed that the pleadings, plaintiff's deposition, and other discovery showed there to be no genuine issue of material fact. It further asserted entitlement to judgment as a matter of law because plaintiff's Exhibits A–D failed to establish a written contract and her alleged oral contract was excluded by the Statute of Frauds in that it was not capable of performance within one year. The trial court granted defendant summary judgment on all counts of plaintiff's petition.

We agree with defendant that plaintiff's Exhibits A–D do not constitute a written contract, however, she also alleged an oral contract which defendant's summary judgment motion challenged solely on the basis of the Statute of Frauds. The Statute of Frauds, § 432.010, RSMo 1986, states:

[n]o action shall be brought ... upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith ...

Plaintiff counters that her agreement with defendant allowed her the power to terminate upon two weeks notice and thus it did not fall within § 432.010. We agree.

A contract which is not expressly to run for a period longer than a year and is terminable at will, or on less than a year's notice, is not within the statute [of frauds], since by exercise of the option to terminate it may be wholly performed within the year ...

*Koman v. Morrissey*, 517 S.W.2d 929, 935 (Mo. banc 1974) (quoting *Kansas City Stockyards Co. v. A. Reich & Sons, Inc.,* 250 S.W.2d 692 (Mo.1952) (quoting 37 C.J.S.Frauds § 55)).

 In its brief, defendant challenges plaintiff's allegations of an oral contract by asserting that it never accepted her offer to contract for day care services. The essential elements of a contract are competent parties, proper subject matter, legal consideration, *mutuality of agreement,* and mutuality of obligation. *Schlictig v. Reichel,* 770 S.W.2d 493, 494 (Mo.App. 1989). Defendant's brief argues there was no mutuality of agreement between the parties because it never unequivocally accepted plaintiff's offer.

We disagree with defendant because our review of the record reveals remaining issues of material fact as to whether an oral contract existed.

In October, 1990, defendant cashed plaintiff's $35 check which, in defendant's own words, constituted an enrollment fee. In her deposition, plaintiff testified that she spoke with one of defendant's directors in January, 1991, and was told that her child could begin attending defendant's day care center on July 29, 1991.

Defendant, on the other hand, contends that it never unequivocally agreed to provide day care for plaintiff's child and, in every communication with plaintiff, it stressed that her daughter would be accepted if space was available. Exhibit B, a letter from Evelyn Beel to plaintiff and her husband, indicates that the child had been placed on a waiting list. Exhibit A, the completed application, specifies that "notification for acceptance will be made by letter" and there is no indication in the record that acceptance was ever communicated in this manner.

We believe this evidence indicates that there remains an issue of fact as to whether plaintiff and defendant mutually agreed to contract for day care services. Thus summary judgment should not have been entered on plaintiff's breach of contract claim.

Having determined that the trial court erred in granting summary judgment on plaintiff's breach of contract claim we find that summary judgment on all counts of plaintiff's petition must be reversed and the case remanded in that each of plaintiff's claims was premised on defendant's alleged promise to provide day care services.[1]

Reversed and remanded.

AHRENS, P.J., and CRIST, J., concur.

---

1. Defendant, in Point II of its brief, states: The trial court did not err in granting summary judgment in favor of [defendant] in that there was no genuine issue of any material fact on the remaining counts of [plaintiff's] amended petition because there was no breach of a contract by [defendant] and the remaining claims of the [plaintiff] were all premised on the existence of a breach.