William S. **KOEHR**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. 63582.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 26, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Steven Solomon Fluhr, St. Louis, for respondent.

CRIST, Judge.

The Director of Revenue (Director) appeals the circuit court's order reversing the driver's license suspension of William S. Koehr (Licensee). We reverse.

On August 9, 1988, Licensee was involved in a motor vehicle accident. Licensee filed an accident report indicating he was insured through Dairyland Insurance Company at the time of the accident. Later investigation showed Licensee's insurance coverage had lapsed on March 7, 1988.

On June 19, 1989, Licensee was notified his license was being suspended for sixty days for failing to maintain financial responsibility as required by § 303.025, RSMo 1986, and for failing to give security for payment of damages after an accident as required by § 303.030, RSMo 1986. Licensee filed a motion to dismiss. On September 26, 1989, the Administrative Hearing Officer entered findings of fact and conclusions of law upholding the agency's initial determinations. After this decision was entered, Licensee submitted a copy of the settlement and release entered into by the parties, which the Director concedes makes all issues under § 303.030, RSMo 1986, moot.

Licensee petitioned the circuit court for review. The case was first heard in circuit court on November 5, 1990. Without preserving any of the evidence adduced at trial, Judge McAllister made the following finding:

Cause called. Parties appear in person and by attorneys. Being fully advised in the premises and upon the evidence ad-duced, the petition for review is hereby granted.

Director of Revenue's decision is hereby reversed.

The Director appealed the circuit court's reversal to this court. On appeal, Licensee argued we lacked authority to decide the case because there was no record of the proceedings before the circuit court. We found the absence of the record on appeal was not due to the fault of either party and remanded the case to circuit court to produce a proper record. *See, Koehr v. Director of Revenue*, 813 S.W.2d 363, 364 (Mo.App.1991).

The cause was reheard on January 26, 1993. During the rehearing, Licensee stipulated he did not have insurance at the time of the accident. Judge Westhoff left the previous circuit court ruling intact, finding the purpose for the remand was to make a record for appeal, not to alter the decision of Judge McAllister.

The Director again appeals Judge McAllister's reversal of the Licensee's suspension.

■ Section 303.290.2, RSMo 1986, requires the circuit court to conduct a *de novo* hearing when an appeal is taken from the Director's decision. *Vogel v. Director of Revenue*, 804 S.W.2d 432, 434[2] (Mo.App.1991). On appeal, we then review the decision of the circuit court, not the decision of the Director. *Id.* We will affirm the circuit court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Connaughton v. Director of Revenue*, 835 S.W.2d 558, 561[1] (Mo.App. 1992).

■ The Director's brief concedes Licensee is not subject to suspension for failure to demonstrate financial responsibility for damages arising from the accident because Licensee obtained a release of all liability arising out of the accident. Sections 303.030.2 RSMo 1986; 303.070, RSMo 1986. The Director, however, argues Licensee is still in violation of § 303.025 which states:

No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the

financial responsibility as required by this section.

RSMo 1986. According to § 303.160, RSMo 1986, financial responsibility may be established by filing one of the following: (1) a certificate of insurance, (2) a bond, (3) a certificate of deposit of money or securities, and (4) a certificate of self-insurance. Licensee has failed to file any of these. Further, Licensee stipulated he was uninsured at the time of the accident.

This court recently found § 303.025 to be a strict liability statute carrying a mandatory penalty for noncompliance. *Baker v. Director of Revenue*, 819 S.W.2d 788, 789 (Mo. App.1991). In *Baker*, the petitioner attempted to argue, even though he did not have insurance on the date of the accident, § 303.025 did not apply to cases where the licensee obtained a release from liability. We denied petitioner's claim and held, "any person who operates a motor vehicle on the highways of this State without financial responsibility is subject to a mandatory suspension." *Id.*

Here, Licensee failed to establish financial responsibility in any of the ways listed in § 303.160. Further, Licensee admitted he *was uninsured at the time of the accident.*

Based on this evidence, the circuit court's reversal of Licensee's suspension constitutes an error of law. The judgment of the circuit court is reversed and the cause is remanded to circuit court for judgment to be entered consistent with this opinion.

CRANDALL, P.J., and REINHARD, J., concur.