Elissa S. **HERTEL,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE,** State of Missouri, **Respondent/Appellant.**

No. 65972.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 29, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Vincent C. Hartigan, Jr., Private Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the circuit court's order restoring petitioner's driving privileges after they had been suspended pursuant to § 302.505, RSMo Supp.1993.[1] Petitioner's suspension was sustained after an administrative hearing, and petitioner filed a petition for trial *de novo* in the circuit court pursuant to § 302.535, RSMo 1986. After a hearing, the circuit court restored petitioner's driving privileges. We remand.

According to the trial court's order, petitioner was stopped on August 30, 1993 while operating a motor vehicle. The court found the officer had probable cause to arrest petitioner but that petitioner did not have a blood alcohol content (BAC) by weight of .10% or more. The court made a finding (immediately after the BAC finding) that the "[i]mplied consent warning contained the word may instead of shall."[2]

The Director notes that she asked for a transcript from the trial *de novo*, but was informed by the court that none was made. She asks that we either remand the cause so an adequate record can be produced, or alternatively, reverse the court's order on the existing record (which is sparse notwithstanding the absence of the transcript).[3] The Director's latter request rests on her assertion that the trial court found the BAC test inadmissible *because* of the implied consent issue, and that that was the basis of the

court's order restoring petitioner's driving privileges.[4] However, it is not at all clear from the record that this is the case. Thus, we cannot resolve this appeal on that basis.

We agree with the Director that the cause should be remanded due to the inadequate record. We note this is not a case where the Director neglected to furnish a record which had been prepared; the Director *did* request a transcript but the trial court apparently had not made one. *See, e.g., Koehr v. Director of Revenue,* 813 S.W.2d 363 (Mo.App. 1991); *see, also, Vogel v. Director of Revenue,* 804 S.W.2d 432 (Mo.App.1991). Thus, we remand so that an adequate record may be produced.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

1. All statutory citations are RSMo Supp.1993, unless otherwise noted.

2. The Missouri implied consent statute has recently been amended. Section 577.041.1, RSMo Supp.1993, effective August 28, 1993, currently provides (in part):

   The request of the arresting officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of his refusal to take the test *may* be used against him and that his license shall be immediately revoked

upon his refusal to take the test. (Emphasis added).

Previously, this section stated that the officer "shall inform the person that evidence of his refusal to take the test *shall* be used against him...." § 577.041, RSMo Supp.1992 (emphasis added).

3. Petitioner has not favored us with a brief.

4. The Director asserts petitioner was not prejudiced by being informed a refusal "may" instead of "shall" be used against her.