Howard G. KINDER, Jr., Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 66596.

Missouri Court of Appeals, Eastern District, Division One.

March 28, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Malcolm H. Montgomery, Cape Girardeau, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue, State of Missouri, ("Director"), appeals from the order of the Cape Girardeau County Circuit Court setting aside the suspension of the driver's license of respondent, Howard G. Kinder, Jr. ("licensee"), for licensee's violation of RSMo Chapter 303, the Motor Vehicle Financial Responsibility Law. We reverse.

1. All statutory references are to RSMo (1994)

On June 18, 1992, licensee was involved in an automobile accident. Licensee did not have liability insurance on his vehicle as required under RSMo § 303.025.[1] On December 20, 1992, Director notified licensee that, effective January 22, 1993, his driver's license was suspended for sixty days.

On January 8, 1993, licensee requested a hearing before the Administrative Hearing Section of the Department of Revenue. The hearing was held on February 24, 1993. Licensee submitted two signed and sworn affidavits in lieu of testimony. In the first affidavit, licensee attested he was under the impression that he had liability insurance on his vehicle at the time of the accident, but was mistaken. In the second affidavit, licensee's insurance agent attested that licensee believed his vehicle was covered by an existing liability insurance policy at the time of the accident when, in fact, it was not.

On March 30, 1993, the Administrative Hearing Officer upheld the suspension. Licensee petitioned for judicial review by the Cape Girardeau County Circuit Court on April 23, 1993. Director filed the administrative case file—including the two affidavits described above—with the court on May 6, 1994. The cause was heard by the circuit court on July 1, 1994. No transcript was made of the proceeding. The court's docket entries for that date consist entirely of the following:

7/1/94 Affidavit filed, signed by Ken Campbell, agent for Farmers Ins.

7/1/94 [Licensee] present by attorney Malcolm Montgomery. [Director] present by Morley Swingle, Prosecuting Attorney. Court orders that suspension of drivers [sic] license be voided. SEE ORDER. /s/ William L. Syler, Div. # 1

The court's order voided the suspension and reinstated licensee's driver's license without explanation. Director appeals this order.

■ The circuit court's review of administrative decisions pursuant to the Motor Vehicles Financial Responsibility Act is *de novo.* RSMo § 303.290.2; *Koehr v. Director of Revenue,* 863 S.W.2d 663, 664 (Mo.App. E.D.1993) (*Koehr* II). On appeal, we review

unless otherwise indicated.

the circuit court's decision, not the administrative decision. *Id.* We affirm the circuit court's decision unless there is no evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Diehl v. Director of Revenue,* 836 S.W.2d 94, 95 (Mo.App.E.D.1992).

For her sole point on appeal, Director contends the circuit court erroneously applied the law in voiding the suspension of licensee's driver's license. According to Director, licensee's own affidavits show he violated RSMo § 303.025, and as this is a strict liability statute, suspension of licensee's license was mandatory.

In response, licensee first asserts that no evidence was entered at the *de novo* proceeding, and therefore Director failed to meet her burden of going forward with evidence that licensee violated RSMo § 303.025. We disagree.

■ The Western District has held that Director's burden of proof regarding the reasonableness of Director's decision was met, where the only evidence in the *de novo* proceeding was the administrative record. *Johnston v. Director of Revenue,* 762 S.W.2d 444, 447–448 (Mo.App.W.D.1988). While it is Director's responsibility to produce the administrative record, this record must merely be filed with the court; it does not have to be formally introduced into evidence at the *de novo* proceeding. *Id.* at 448. Here, the administrative record was filed with the circuit court on May 6, 1993. We find Director met her burden of going forward with evidence of licensee's violation of RSMo § 303.025.

Licensee next contends the circuit court's failure to preserve a record of its July 1, 1994, *de novo* proceeding precludes appellate review and requires remand for a hearing on the record. We again disagree.

■ If the evidentiary basis for the circuit court's decision is unclear from the record on

appeal, and no transcript of the proceeding is available, we must remand so both parties have an opportunity to try the case with a proper record. *Hertel v. Director of Revenue,* 887 S.W.2d 775, 776 (Mo.App.E.D.1994); *Koehr v. Director of Revenue,* 813 S.W.2d 363, 364 (Mo.App.E.D.1991) (*Koehr* I); *Vogel v. Director of Revenue,* 804 S.W.2d 432, 434–435 (Mo.App.S.D.1991). Here, Director requested a transcript of the proceeding before the circuit court and was told by the circuit court clerk no such transcript existed. Licensee asks that we remand. However, on the particular facts of this case, we believe reversal is the more appropriate remedy.

■ The circuit court shall not make the final disposition of a petition for review until the administrative record has been presented to and reviewed by the court. *Johnston,* 762 S.W.2d at 448. If neither party presents additional evidence, the administrative record represents the only evidence upon which the circuit court's decision can be based and is the only evidence reviewed on appeal. *Id.* Here, licensee admits in his brief that neither he nor Director introduced any evidence before the circuit court.[2] The administrative case file represents the entirety of the evidence presented to and relied upon by the circuit court. As such, it is the only record we consider on appeal.

■ Our review of this record leads us to conclude that the circuit court's decision to void the suspension of licensee's driver's license was erroneous. The administrative case file unequivocally shows that licensee failed to maintain financial responsibility as required under RSMo § 303.025. Licensee admits, via affidavit, that he did not have liability insurance on the date of the accident. The affidavit of licensee's insurance agent confirms this. Nothing in the administrative case file contradicts these statements, and licensee presented no further evidence at the *de novo* proceeding.

---

2. On this basis, we find the immediate case distinguishable from *Vogel* and *Koehr* I. In *Vogel,* it was apparent from the record on appeal that additional evidence was presented to the circuit court. *Vogel,* 804 S.W.2d at 434. In *Koehr* I, the record on appeal was unclear as to what evidence the circuit court heard, and we therefore deemed remand necessary. *Koehr* I, 813 S.W.2d at 364. Here, however, it is undisputed that no evidence was presented to the circuit court at the hearing.

In submitting affidavits attesting to his belief that his vehicle was covered under an existing liability policy, licensee was apparently arguing that his violation of RSMo § 303.025 was unintentional. However, the reasons for licensee's violation of the statute are irrelevant. RSMo § 303.025 is a strict liability statute and the penalty for noncompliance, as set out in RSMo § 303.042, is mandatory. *Koehr* II, 863 S.W.2d at 665; *Huff v. Director of Revenue*, 778 S.W.2d 334, 335 (Mo.App.E.D.1989).

Because we have considered the totality of evidence that was before the circuit court, there is no need to remand the case for a hearing on the record. The order of the circuit court voiding the suspension of licensee's driver's license is accordingly reversed.

REINHARD, P.J., and CRAHAN, J., concur.