**Ronnie G. SANDERS,
Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 67490.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 8, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Kevin C. Roberts, Dodson, Breeze, Kister, Roberts & Millan, Hillsboro, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue appeals from the order of the Jefferson County Circuit Court setting aside the suspension of petitioner's driving privileges for violation of Chapter 303, RSMo 1994,[1] the Motor Vehicles Financial Responsibility Law (MVFRA). We reverse and remand.

On October 7, 1992, petitioner was involved in an automobile accident. Petitioner did not have liability insurance on his vehicle as required by § 303.025. Upon notification on February 9, 1993, that his license would be suspended for sixty days, petitioner requested an administrative hearing. *See* § 302.530. At the May 6, 1993, hearing, petitioner submitted an affidavit stating he believed he had insurance at the time of the accident, but Colonial Insurance Company of California refused him coverage. Petitioner also submitted a letter from Colonial Insurance informing him he had no coverage for the accident. The Administrative Hearing Officer upheld the suspension.

Petitioner filed a petition for judicial review on June 30, 1993. *See* § 302.535. The Director filed the administrative case file—

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

including the affidavit and the letter described above—with the court. The case was set for trial on January 13, 1994. Petitioner and counsel for both parties appeared but apparently neither party offered any evidence on that date, and the case was taken under submission. On July 25, 1994, the trial court voided the suspension.

The circuit court's review of administrative decisions pursuant to the MVFRA is *de novo*. § 303.290.2; *Koehr v. Director of Revenue*, 863 S.W.2d 663, 664 (Mo.App.E.D. 1993). On appeal, we review the circuit court's decision, not the administrative decision. *Id.* We affirm the circuit court's decision unless there is no evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Id.*

Director, in her principal point on appeal, contends the trial court erred in setting aside the suspension order in that the record revealed that petitioner owned and operated a vehicle in this state and failed to maintain financial responsibility under § 302.530.[2] Petitioner responded contending the Director presented no evidence at the *de novo* hearing, therefore she failed in her burden of proof.

This case is controlled by the Western District case, *Johnston v. Director of Revenue*, 762 S.W.2d 444 (Mo.App.1988), and our recent case of *Kinder v. Director of Revenue*, 895 S.W.2d 627 (Mo.App.E.D.1995). Those cases held that the Director's burden of proof regarding the reasonableness of Director's decision in a MVFRA case is met where the only evidence in the *de novo* proceeding was the administrative record. In *Kinder*, the only evidence before the trial court was the administrative record. The administrative record contained two affidavits, one from petitioner and one from his insurance agent attesting to petitioner's mistaken belief he had insurance when in fact he did not.

It is the Director's responsibility to produce the administrative record at the *de novo* trial. *Id.* at 629. However, the record need

only be filed with the court; it does not have to be formally introduced into evidence at the *de novo* proceeding. *Id.* Here, the administrative record was filed with the circuit court on July 29, 1993. Contrary to petitioner's contention, under the cases cited above, Director met her burden of going forward.

Before a circuit court makes a final disposition, it must review the administrative record. *Id.* If no additional evidence is submitted by the parties, the administrative record represents the only evidence upon which the circuit court's decision can be based; and it is the only evidence reviewed on appeal. *Id.* Here, it is undisputed that neither party introduced evidence before the circuit court.

We have reviewed the record and conclude the circuit court's decision to void the suspension of petitioner's driver's license was erroneous. The administrative case file unequivocally shows that petitioner failed to maintain financial responsibility as required under § 303.025. Petitioner admits, by way of affidavit, that he did not have liability insurance on the date of the accident. The letter from petitioner's insurance adjuster confirms this. Nothing in the administrative record contradicts these statements, and petitioner presented no further evidence at the *de novo* proceeding.

Through the introduction of his affidavit and insurance letter, petitioner was apparently arguing that his violation of § 303.025 was unintentional. However, the reasons for petitioner's violation of the statute are irrelevant. Section 303.025 is a strict liability statute and the penalty for noncompliance is mandatory. § 303.042. *Id.* at 630.

Judgment of the trial court is reversed and the cause remanded for trial court entry of judgment reinstating suspension.

KAROHL and WHITE, JJ., concur.

---

**2.** Petitioner claims we lack jurisdiction to review this case because the Director's notice of appeal was untimely filed. However, the record reveals the Director sought and received an order from this Court permitting her to file a late notice of appeal.