Jackie Dewayne ALTMAN,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent/Appellant.

No. 68915.

Missouri Court of Appeals,
Eastern District,
Division One.

July 16, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Jackie Dewayne Altman, Faley, pro se.

GRIMM, Judge.

The Director of Revenue appeals from the circuit court's order reversing the suspension of licensee's driver's license. We reverse.

## I. Background

On April 10, 1992, licensee was involved in an automobile accident with Robert Gose. Mr. Gose had insurance with Shelter Insurance Company. At the time of the accident, licensee showed the police proof of insurance with IGF Insurance Company.

Shelter paid for the repairs it made to Gose's automobile. It then presented its claim for damages to IGF. On June 18, 1992, IGF wrote licensee and Shelter. IGF said that the vehicle licensee drove at the time of the accident "was deleted from [his] policy on 3/26/92. As this vehicle was deleted from coverage prior to the accident, we must in-

form you that we can provide no coverage for you."

On March 3, 1993, the Driver's License Bureau mailed licensee notification that he failed to maintain financial responsibility, and that his license would be suspended for 60 days, effective April 11, 1993. Licensee timely requested an administrative review and a hearing was held on May 28, 1993.

At the hearing, licensee produced several documents showing he had maintained insurance on his vehicle. These included a renewal notice; a copy of a confirmation of payment, dated March 31, 1992; and an automobile insurance identification card, showing an effective date of "3/27/92" and an expiration date of "5/27/92" for an "83 Ford Escort." Later, licensee produced a cancelled check, dated March 26, 1992, to IGF Insurance Company for $96.00.

Also entered into evidence at the hearing was the letter from IGF denying coverage. Further, licensee stated that the Goses had sued him and licensee had an attorney enter his appearance to defend the suit.

In her decision, the hearing officer noted the conflicting evidence. However, she found that licensee "did not submit any substantial evidence indicating that his insurance company has agreed to provide coverage for his operation of the vehicle on the date of the accident or that his insurance company has made payments for the damages incurred in the accident." Further, she noted, "Missouri courts have consistently held vehicle owners 'strictly liable' for maintaining the required financial responsibility." Thus, the hearing officer upheld the director's sixty day suspension.

Licensee filed a petition for review in circuit court. At the hearing on the petition, the previously referred to documents were presented to the court. Moreover, licensee testified that (1) the Gose lawsuit went to trial and the trial court found licensee liable for the damages, (2) he entered into an agreement with the Goses to make payments on the judgment, (3) IGF "never contributed" towards the cost of defense or the judg-

ment, and (4) IGF "always maintained that [he] did not have coverage at that time."

The circuit court's judgment declared the hearing officer's decision null and void, rescinded the sixty-day suspension, and directed the Director of Revenue to reinstate licensee's driving privileges. The judgment did not contain any substantive findings of fact or conclusions of law.

## II. Financial Responsibility

In her only point, the director alleges the circuit court erred in setting aside the suspension because licensee failed to maintain financial responsibility under § 303.025.*

When the director's decision is appealed, the circuit court must conduct a trial *de novo.* § 303.290; *Koehr v. Dir. of Rev.,* 863 S.W.2d 663, 664 (Mo.App. E.D.1993). On appeal, this court reviews the decision of the circuit court, not of the director. *Id.* We affirm the circuit court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

The circuit court is to review the administrative record, if offered by the director, and any additional, non-duplicatative evidence offered by the parties. *Boyd v. Dir. of Rev.,* 703 S.W.2d 19, 22 (Mo.App.W.D. 1985); *Kinder v. Dir. of Rev.,* 895 S.W.2d 627, 629 (Mo.App. E.D.1995).

Our review of the record leads us to conclude that the circuit court's decision is erroneous. Licensee's own testimony discloses that IGF always maintained licensee did not have coverage; that licensee, not IGF, defended the Goses' lawsuit against him; and that licensee was personally paying the Gose judgment.

Two statutes are pertinent. Section 303.025 prohibits an owner of a motor vehicle registered in Missouri from operating the vehicle "unless the owner maintains the financial responsibility as required in this section." Section 303.160 maintains that proof of "financial responsibility" may be established by filing: (1) a certificate of insurance, (2) a bond, (3) a certificate of deposit of

---

* All statutory references are to RSMo 1994.

money or securities, or (4) a certificate of self-insurance. Licensee did not submit any of the four means to prove financial responsibility, either before the hearing officer or the circuit court.

■ We do not have the benefit of a brief from licensee. We recognize that he may have had reason to believe he was covered by insurance. However, § 303.025 is a strict liability statute, and the penalty, as set out in § 303.042, is mandatory. *Kinder*, 895 S.W.2d at 630. Thus, the order of the circuit court is reversed.