**Sherry L. WIES, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 69449.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 23, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Richard P. Dorsey, Ahlheim & Dorsey, L.L.C., St. Charles, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from the judgment of the St. Charles County Circuit Court reversing the Director's suspension of petitioner's driving privileges for violation of the Motor Vehicle Financial Responsibility Law (MVFRL), § 303.025, RSMo 1994.[1] We reverse and remand.

On November 8, 1994, petitioner was involved in a motor vehicle accident. The record of this case contains a letter from petitioner to the Director in which she admitted that her insurance had lapsed at the time of the accident. The letter explained that petitioner's husband, who had recently committed suicide, had always taken care of their insurance needs, and that she was unaware the insurance premiums had not been paid and her coverage had lapsed.

The Director informed petitioner that her license would be suspended for sixty days, §§ 303.041 and 303.042, and petitioner requested an administrative hearing. § 302.530. According to the hearing officer's findings, petitioner submitted an affidavit which essentially restated the assertions in her letter to the Director, and which also stated that she

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

had subsequently purchased automobile insurance and arranged to reimburse the victim's insurance company for damages due to the accident. The Administrative Hearing Officer upheld the suspension.

Petitioner filed a petition for *de novo* circuit court review. § 302.535. The Director filed the administrative case record, which included a death certificate verifying petitioner's husband's death, and documentation supporting her subsequent purchase of insurance and her repayment of damages agreement. On August 24, 1995, petitioner filed with the circuit court a "Motion for Default Judgment or in the alternative Motion for Summary Judgment" and supporting memoranda. The Director filed suggestions in opposition to this motion. On September 29, 1995, the circuit court entered a judgment sustaining petitioner's motion (without stating a ground). It ordered petitioner's driving privileges reinstated.

 The circuit court has *de novo* review of administrative decisions pursuant to the MVFRL. § 303.290.2; *Sanders v. Director of Revenue,* 903 S.W.2d 677, 679 (Mo. App. E.D.1995). We review, on appeal, the circuit court's decision, not the administrative decision. *Id.* We affirm the circuit court's decision unless there is no evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Id.*

The Director contends that the trial court erred in "entering a default or summary judgment because neither default nor summary judgment is appropriate...." We agree.

The circuit court's judgment did not specify which of the two grounds asserted by petitioner it found meritorious. Petitioner concedes, however, that a default judgment would have been inappropriate in this situation.[2] We thus address only whether the circuit court's judgment was proper in regards to the summary judgment ground.

 Summary judgment is appropriate only if no genuine issue as to any material

fact exists and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Edwards v. Martha Rounds Academy,* 845 S.W.2d 658, 659 (Mo.App. E.D.1992). On appeal, we scrutinize the record in the light most favorable to the party against whom the motion was filed. *Farrow v. Brown,* 873 S.W.2d 918, 919 (Mo.App. E.D.1994). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-moving party the benefit of all reasonable inferences from the record. *Id.*

Petitioner's driving privileges were suspended for violating § 303.025, which states in pertinent part:

1. No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section. Furthermore, no person shall operate a motor vehicle owned by another with the knowledge that the owner has not maintained financial responsibility unless such person has financial responsibility which covers his operation of the other's vehicle.

2. A motor vehicle owner shall maintain his financial responsibility in a manner provided for in section 303.160, or with a motor vehicle liability policy which conforms to the requirements of the laws of this state.

According to § 303.160, proof of financial responsibility may be established by filing one of the following: (1) a certificate of insurance, (2) a bond, (3) a certificate of deposit of money or securities, or (4) a certificate of self-insurance.

 Section 303.025 is a strict liability statute with a mandatory penalty for noncompliance. *Sanders,* 903 S.W.2d at 679. Thus, as evident from the facts of this case and the relevant statutes, there was simply no ground on which the court could have

---

**2.** *See Daus v. Director of Revenue,* 840 S.W.2d 892, 893 (Mo.App. E.D.1992)(default judgment can not be entered against the Director for fail-

ing to file a responsive pleading in actions to review the suspension or revocation of driving privileges).

entered a summary judgment in favor of petitioner. We reverse and remand to the circuit court for proceedings consistent with this opinion.

KAROHL and GRIMM, JJ., concur.