**Michael J. HENZLIK, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 21550.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1997.

---

**2.** For an extended discussion of this rule, see *Dorlon v. City of Springfield,* 843 S.W.2d 934, 945–46 (Mo.App.1992).

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

No appearance for Respondent.

CROW, Judge.

The Director of Revenue ("Director") appeals from a judgment setting aside Director's "suspension/revocation" of the driving privileges of Michael J. Henzlik ("Henzlik"). The notice of appeal states the judgment was entered following "Trial De Novo Conducted Under § 302.535, RSMo."

We deduce from the incomplete record that a Springfield police officer arrested Henzlik for driving while intoxicated and administered a "BAC DataMaster" test to determine the alcohol concentration in Henzlik's blood. The test revealed a "blood alcohol concentration by weight" of ".13%." Pursuant to § 302.520.1,[1] the officer, acting on behalf of Director, served the notice of "suspension/revocation" on Henzlik.

It is inferable from—though not shown by—the record that Henzlik thereupon requested and received administrative review per § 302.530, resulting in a decision upholding the "suspension/revocation."

Henzlik thereafter filed a petition for trial de novo per § 302.535. The trial court's docket sheet shows the court heard evidence and took the case "under advisement." After receiving post-trial suggestions, the court entered the judgment referred to in the first sentence of this opinion.

■ Director appeals. The first of Director's two points relied on reads:

"The trial court erred because it did not preserve a record of the proceeding before it, in that a record was required to be preserved pursuant to § 512.180, RSMo, and the failure to do so leaves an inadequate record for this court to determine the issues on appeal."

Apparently, Director first learned no record of the testimony had been preserved when Director, simultaneously with filing the notice of appeal, ordered a transcript from the court clerk. In response, the clerk informed Director: "I have checked with the court and no record was made."

In *Sellenriek v. Director of Revenue,* 826 S.W.2d 338 (Mo. banc 1992), Director appealed from a judgment reinstating a motorist's driving privileges following trial de novo per § 302.535, RSMo 1986. *Id.* at 339. There, as here, the trial de novo was conducted by an associate circuit judge. *Id.* at 342. There, as here, the record on appeal contained no transcript of the evidence and no stipulation as to what the evidence was. *Id.* The Supreme Court held:

"When assigned to hear cases on the record, associate circuit judges are required to 'preserve the record' utilizing approved methods of sound recording or a court reporter. §§ 478.072 and 512.180.2. Without any evidentiary record, this Court is unable to determine what evidence was admitted, what evidence was rejected, and whether a sufficient case was made. Neither of the parties can be faulted for failing

---

1. References to statutes are to RSMo 1994 except where otherwise indicated.

to make a proper record. Under such circumstances, justice requires that [this] case ... be reversed and remanded to the trial court so that a proper record can be made and presented on appeal." *Id.*

■ We recognize, of course, that had the trial court received no evidence and based its decision solely on documents in the legal file, the absence of a transcript would not require reversal. *Kinder v. Director of Revenue,* 895 S.W.2d 627, 629–30 (Mo.App. E.D.1995). However, it is clear from the legal file that the trial court received evidence and based its decision, at least in part, on that evidence (and perhaps on Director's failure to adduce evidence which the court believed Director was required to present). Consequently, the absence of a transcript of the trial compels us to reverse the judgment and remand the case for retrial. *Sellenriek,* 826 S.W.2d at 342; *Vogel v. Director of Revenue,* 804 S.W.2d 432, 434–35 (Mo.App. S.D.1991).

In so holding, we do not ignore Director's second point. There, Director argues that the legal file contains "enough record" to enable us to reverse the judgment outright without remand.

We have studied the documents identified by Director, but find them insufficient to support outright reversal. Contrary to Director's argument, the documents do not show what evidence the trial court received and what evidence (if any) the trial court rejected, nor do the documents reveal the basis for the trial court's decision. Because of those omissions, we cannot determine whether Director is correct in maintaining the trial court "erroneously applied the law."

The judgment is reversed and the case is remanded to the trial court for a new trial.

GARRISON, P.J., and PREWITT, J., concur.