**Milton JACOBS, Defendant/Appellant,**

v.

**Raymond S. DENNIS,**
**Plaintiff/Respondent.**

No. 72981.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 14, 1998.

Canice Timothy Rice, Jr., St. Louis, for appellant.

Wally J. Pankowski, Dellwood, for respondent.

RHODES RUSSELL, Judge.

Defendant/motorist appeals after judgment was entered for plaintiff/automobile owner in a negligence suit pertaining to an automobile accident. Motorist claims that the trial court erred in failing to keep a record of the trial de novo. We reverse and remand as no record was made for appellate review.

The facts of the case are sparse and essentially procedural in nature. Motorist was involved in an automobile accident with automobile owner's daughter. Automobile owner brought suit against motorist, claiming that motorist negligently operated his motor vehi-

cle, causing it to collide with owner's vehicle, and thereby damaging owner's vehicle in an amount less than $5,000. After a default judgment was entered in favor of automobile owner, motorist petitioned the trial court to set aside the judgment. The court set aside the default judgment, and a new trial was scheduled.

At the bench trial, motorist was found to be at fault, and damages were adjudged at $4,704.54. Motorist exercised his right to a trial de novo, pursuant to section 512.180.1 RSMo 1994.[1]

Section 512.180.1 provides that any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge shall have the right of a trial de novo where the petition claims damages not to exceed five thousand dollars.

The trial de novo resulted in the court finding motorist 70% at fault and automobile owner 30% at fault. Motorist filed a timely notice of appeal. His sole contention is that the trial de novo was conducted incorrectly because the trial court failed to preserve a record of the proceedings, making appellate review impossible.

This court shall affirm the decision of the trial court unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 512.270 requires that a trial de novo be conducted with a record of the proceedings kept. Motorist maintains that the trial court failed to keep such a record. He produced an affidavit from the circuit court clerk which stated that neither a tape recording nor a transcription was made of the proceedings.

We find that the trial court erroneously applied the law in not making a record of the trial de novo. Failure to keep a record of the proceedings and the absence of an agreed statement of the case with this court as permitted by section 512.120 prevent

1. All references, unless otherwise indicated, are to RSMo (1994).

appellate review. *Holt v. Director of Revenue*, 926 S.W.2d 532, 533 n. 3 (Mo.App.1996). The judgment of the trial court must be reversed and remanded to permit the parties to try the case on the proper record. *Silman v. Director of Revenue*, 914 S.W.2d 832 (Mo.App.1996); *Hertel v. Director of Revenue*, 887 S.W.2d 775, 776 (Mo.App.1994).

The judgment is reversed and remanded to permit a new trial on the record to be conducted.

CRANE, P.J., and JAMES R. DOWD, J., concur.