Thomas Allen HARDIN, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 22642.

Missouri Court of Appeals,
Southern District,
Division Two.

March 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen.,Jefferson City, for appellant.

Frederick W. Martin, III, West Plains, for respondent.

PER CURIAM.

The Director of Revenue has appealed from a judgment entered by the circuit court of Howell County vacating a revocation of respondent's operator's license for a period of one year. The revocation was based on an alleged failure to submit to a chemical test for alcohol following an arrest on May 18, 1997. *See* § 577.041.3, RSMo Supp.1996. Upon review, the court found that respondent did not refuse to submit to the test.

The judgment recites that evidence was heard, but in response to Director's request for a transcript, the circuit clerk verified that no record was made. Therefore, no transcript could be produced for purposes of the present appeal.[1]

Director has filed a motion with this court asking for a remand to the trial court so that respondent's petition for review may be heard with an appropriate record preserved. Opportunity was afforded for respondent to make any desired response to the motion, but none was forthcoming.

The judgment refers generally to circumstances that occurred at the time of the arrest. It is therefore evident that any review of alleged error in the finding made by the trial court that there was no refusal to submit to a chemical test requires a record of the evidence heard. Under these circumstances, the correct procedure is to reverse the judgment of the trial court and remand for a new trial. *Keller v. Director of Revenue,* 947 S.W.2d 478, 479 (Mo.App. E.D.1997). *See also Henzlik v. Director of Revenue,* 951 S.W.2d 760 (Mo.App. S.D.1997); *Wolansky v. Director of Revenue,* 936 S.W.2d 578 (Mo.App. S.D.1996).

Accordingly, the judgment in this case is reversed and the cause remanded for a new trial. A record of the proceedings shall be made for use in the event an aggrieved party then chooses to appeal.

---

1. It appears the lack of a record in this type case may be a recurring problem. In that regard, we note that the Director of Revenue often includes the following type inquiries when ordering a transcript: *"If there was no record made, please inform this office in writing of same "* or *"[p]lease notify me in writing if no record was made in this case."* A communication from the Director to their counsel, i.e., the prosecuting attorney's office, citing the need for a record might promote judicial economy in this area. Also, we would suggest furnishing a copy of this opinion to the trial courts.