**Burton FRAGER, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. ED 76233.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 23, 1999.

Richard L. Swatek, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, for respondent.

## OPINION

LAWRENCE G. CRAHAN, Judge.

Burton Frager ("Driver") appeals a judgment sustaining the Director of Revenue's (the "Director's") suspension of his driving privileges for sixty days pursuant to section 303.042 RSMo 1994[1] for violation of the duty to maintain financial responsibility. Section 303.025 RSMo Supp. 1997. Driver does not dispute that the evidence required the Director to suspend his driving privileges. In his sole point on appeal, Driver alleges that the trial court erred in denying his motion for summary judgment and sustaining the Director's suspension of his driving privileges because the Director failed to render a final decision within ninety days after it re-

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

ceived Driver's request for an administrative hearing. We affirm.

■■ Our review of a motion for summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.1993). We also review the trial court's decision sustaining suspension of Driver's license, not that of the administrative tribunal. *Wies v. Director of Revenue,* 926 S.W.2d 917, 919 (Mo.App.1996). We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Wies,* 926 S.W.2d at 919; *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976).

Driver filed a request for an administrative hearing on January 13, 1998 after he learned that his license and motor vehicle registration would be suspended for failure to maintain financial responsibility. An administrative hearing was held and a final decision, including findings of fact and conclusions of law, was reached on June 4, 1998, more than ninety days after Driver filed his request.

Pursuant to section 303.290.1, a driver may request an administrative hearing if he or she is aggrieved by any order or act of the Director taken under the authority of chapter 303 RSMo 1994. Upon receipt of such a request, the statute provides that "the director of revenue shall reach a final decision including findings of fact and conclusions of law within ninety days." *See* Section 303.290.1.

■■ Driver urges that Director's failure to issue a final decision within ninety days deprived the Director, and thus the circuit court, of subject matter jurisdiction. Driver relies on the general rule of statutory construction that the use of the word "shall" is mandatory, not permissive. *Greenwich Condominium Ass'n v. Clayton Inv. Corp.,* 918 S.W.2d 410, 414 (Mo.App. 1996). As applied to time limitations, however, Missouri courts have applied a some-

what different rule of construction. When a statute provides what results shall follow a failure to comply with its terms it is mandatory and must be obeyed; if it merely requires certain things to be done without prescribing the results that follow, the statute is merely discretionary. *Id.; Kersting v. Director of Revenue,* 792 S.W.2d 651, 652–53 (Mo.App.1990); *See also Farmers & Merchants Bank and Trust Co. v. Director of Revenue,* 896 S.W.2d 30, 33 (Mo.1995)(statutes directing the performance of an act by a public official within a specified time are discretionary, not mandatory).

■■ Section 303.290.1 specifies no result which follows from the Director's failure to issue a final decision within ninety-days of the administrative hearing. Accordingly, we hold that use of the term "shall" in section 303.290.1 does not deprive the Director of jurisdiction to enter a judgment after the ninety day period has passed. Therefore, it was within the Director's discretion to issue a final decision after the prescribed time period had passed. *See Kersting,* 792 S.W.2d at 653. The trial court properly denied Driver's motion for summary judgment and its decision is supported by substantial evidence. Judgment affirmed.

RHODES RUSSELL, C.J., Concurs.

CHARLES B. BLACKMAR, Sr. J., Concurs.