**Jonathon R. LILLIE, Respondent**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 26176.

Missouri Court of Appeals,
Southern District,
Division Two.

July 26, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Asst. Atty. Gen., Jefferson City, for appellant.

Dan L. Birdsong, Rolla, for respondent.

PER CURIAM.

The Director of Revenue ("Director") appeals from a judgment of the circuit court of Phelps County ordering the Director to reinstate respondent's license to operate a motor vehicle, which had been revoked pursuant to § 577.041 RSMo. We reverse and remand.

The Director has filed a motion herein asking this court to remand this case to the trial court for a hearing on the record. The motion avers that the prosecuting attorney who represented the Director in the trial court requested that a record be made of the hearing on respondent's petition for review. The motion further avers that, at the hearing, the prosecuting attorney called two witnesses on behalf of Director. We observe that both the trial court's judgment and the trial court's docket sheet reflect that evidence was presented at the hearing. Even so, in response to the Director's request for preparation of the hearing transcript, the circuit clerk's office stated that "[t]here was no testimony taken on record so there is no transcript available." This court gave respondent an opportunity to show cause why the Director's motion for remand should not be granted, but respondent has not replied.

We note that the trial court's judgment in this case includes the following findings:

There is no evidence to show that Applicant Jonathan Lillie was ever stopped or arrested; and

There are ... insufficient grounds to prove that the arresting officer had probable cause to believe that Applicant was driving a motor vehicle in an intoxicated or drugged condition.

Clearly, a record of the evidence adduced at the hearing is necessary to review any alleged error in regard to these findings. *See Hardin v. Director of Revenue*, 991 S.W.2d 160, 161 (Mo.App.1999). "Under these circumstances, the correct procedure is to reverse the judgment of the trial court and remand for a new trial." *Id. See also Henzlik v. Director of Revenue*, 951 S.W.2d 760 (Mo.App.1997); *Wolansky v. Director of Revenue*, 936 S.W.2d 578 (Mo.App.1996).

The judgment is reversed. The case is remanded for new trial.